THE MANUFACTURERS' BANK OF MACON, plaintiff in error, vs. ARTEMUS GOOLSBY, defendant in error.

When several cases for one hundred dollars each, were brought at the same time, upon similar causes of action, by the same plaintiff against the same defendant, all of them returnable to the same monthly Term of the County Court:—Held that said Court had jurisdiction of the cases as brought, and that although the defence to each and all of them might be the same, an order of consolidation, whereby the jurisdiction would have been ousted, was properly refused.

Certiorari. Decided by Judge COLE. At Chambers. December, 1866.

This was an agreed case, brought before Judge COLE that he might review a decision made by the County Court of Bibb.

Goolsby brought against the Manufacturers' Bank of Macon, upon its bills or notes, forty-four suits, each for one hundred dollars, all of them commenced and served at the same time, and all returnable to the August monthly Term of the County Court. Seven of them were founded upon issues of the Bank prior to 1861; and the remaining thirty-seven, upon issues dated in 1862.

At the appearance Term, counsel for the Bank, after showing to the satisfaction of the Court that the defence to all the suits of the first class was the same, and to all those of the second class was likewise the same, moved to consolidate all the suits of each class into one, thus making but two suits of the whole; and that these two be then dismissed on the ground that the Court had no jurisdiction to try them.

The Court overruled the motion, and adjudged that the plaintiff might proceed in said Monthly Court with each of the original suits, and that the Court had jurisdiction to entertain and try the same.

Judge COLE affirmed this ruling, and his decision is now complained of as erroneous.

LANIER & ANDERSON, for plaintiff in error.

RUTHERFORD & WEEMS, for defendant.

HARRIS, J.

Of the oppression, from the heavy costs which the plaintiff in error will necessarily sustain, by reason of the defendant in error having sued in the County Court, his claims broken up into amounts so as to be covered by the jurisdic-

tion of that Court, we are fully sensible. Had there been but one case, and brought to the Superior Court, the cost would not have exceeded fifteen dollars ; or if two, thirty dollars. As it is, there are *forty-four* suits ; and the probable costs will be over six hundred dollars. It is not right that such a state of things should exist ; it will again and again occur in suits on Bank notes, unless corrected by definite and just legislation.

We have no power to alter the law, or, by any decision made in accordance with law, to relieve the plaintiff in error from the costs which they will incur, by ordering a consolidation of these forty-four suits. An order for consolidation would operate an ouster of the jurisdiction of the County Court ;—that jurisdiction was conferred by law, and can be taken away only by law.

Judgment affirmed.