GERDING, surviving partner, *vs.* ANDERSON, STARR & COMPANY.

To require the superior court to consolidate three actions on three promissory notes into one, the defendant must make it appear to the court either that he has no defense, or that the defense is the same to all of the notes; and in the latter case he must aver what that defense is, so that the court may adjudge whether it be the same in all the cases.

Practice in the Superior Court. Before Judge LAWSON. Putnam Superior Court. March Term, 1879.

Gerding, surviving partner, was defendant in three suits brought on promissory notes in Putnam superior court by Anderson, Starr & Co. He moved to consolidate them, stating in his motion "that if there is any defense at all filed to said suits, it will be the same in each case, and petitioner therefore moves the court to allow said cases to be consolidated, in order to save petitioner expenses, costs, etc." He introduced no evidence in support of the motion.

Plaintiffs made a counter-showing, to the effect that when the notes were presented for payment, defendant said he would pay them in the fall; but if they were sued, he would remove the cases to the United States court, and thus gain time. Plaintiffs' counsel brought suit on each note separately, each one being under $500.00, but the aggregate being more than that amount. He urged that the motion to consolidate was really made for the purpose of obtaining a removal. The motion was overruled, and defendant excepted.

W. A. REID; W. B. WINGFIELD, for plaintiff in error.

W. F. JENKINS, by brief, for defendants.

JACKSON, Justice.

This was a motion to consolidate three suits on three notes into one action. There can be no doubt of the right of the defendant ordinarily to consolidate, if there be no detriment thereby to the plaintiff on the merits of the cases. To show that there will be no hurt to the plaintiff, defendant must show either that he has no defense, or that the same defense applies to all the cases, and in order to show the court the latter fact, he must disclose what that defense is. For it is for the court to decide whether the facts make the defense the same in each case. If the consolidation will work harm to the plaintiff, or if it would make the aggregate sum sued for so large as to oust the jurisdiction, and on the same principle, if it would make him try different issues on different pleas in one case to several notes, the consolidation will not be allowed. Code, §3261. 13 *Ga.*, 201; 35 *Ga.*, 82; 45 *Ga.*, 96, 124.

The defendant not having made it appear upon what defense he relied to defeat these notes, or each of them, so that the court could see the transaction, and judge of the propriety of the consolidation, this court will not reverse the judgment which refused the motion to consolidate.

Judgment affirmed.