B. B. Lewis, plaintiff in error, *vs.* R. C. Daniel, defendant in error.

1. It is in the discretion of the Judge of the Superior Court to consolidate two cases sued in that Court, into one, on the motion of defendant. Such discretion will not be interfered with unless abused.
2. This Court can review a decision as to the consolidation of cases, though the cases be pending below. (R.)

Consolidation of cases. Before Judge Cole. Bibb Superior Court. May Term, 1871.

A more extended statement of the facts than is contained in the opinion is unnecessary. A motion to dismiss this writ of error because the cases were still pending below, was overruled.

Whittle & Gustin, for plaintiff in error. Defendants should not have to pay double costs: Code, section 3196 says cases "may" be consolidated. "May" means "shall:" Potters' Dwarris on Statutes, 221, 223; Saunders' Report, 58. The defense to both cases was the same as averred, and the motion was demurred to: 13 Ga. R., 201.

LANIER & ANDERSON, for defendant.

MONTGOMERY, Judge.

This was a motion, by plaintiff in error, to consolidate two cases, brought against him by defendant in error. The one case was a suit on an agreement between them, as partners, whereby plaintiff in error bound himself, in certain contingencies, to refund money to defendant in error. The contingencies happened, and suit was brought. The other was a suit on a note, given by plaintiff in error to the defendant in error, *and for some* $300 *of rent*, collected by plaintiff in error for defendant in error. The petition was to consolidate the two cases, because " said two papers sued on, in said two writs and suits, grew out of, and were hurriedly given finally to wind up and close said partnership." The petition states " that the amount he (petitioner) justly owes said Daniels, if any at all, which he does not admit, is several thousand dollars less than the sums called for in said papers," etc. ; that the entries in the partnership-books, alleged to be in the hands of Daniels, and which he prays may be brought into Court, " will greatly reduce and diminish the amount of said two papers," etc. Nothing is said about the item of $300 rent, alleged to have been received by petitioner. The Court below refused to consolidate. Whether because defendant failed to " make it satisfactorily appear to the Court that the defense to *all* the demands was the same ". or not, the record does not inform us. Certainly, it is not made to appear that the defense to the rent claim is the same with that relied on against the claims growing out of the partnership transaction. But we are not inclined to interfere with the discretion of the Judge of the Superior Court, in refusing to consolidate cases, unless there is a very plain case of abuse, to the detriment of the defendant.

Judgment affirmed.