## ROULETT *v.* MULHERIN.

1. Where two persons as nominated executors filed in the court of ordinary separate and distinct applications to probate, in solemn form, different instruments each of which, in the application relating thereto, was alleged to be the last will of the same decedent who was named in the other application, and upon the first application a judgment was rendered setting up the paper therein propounded as such will, and upon the other a judgment was rendered denying probate, solely on the ground that the last will of the deceased had already been duly probated in solemn form, this judgment being based upon a caveat filed by the other propounder, and thereupon both cases were appealed to the superior court, that court committed no error in refusing to dismiss the appeal in the second case and the application originally filed therein, but properly held the same for trial.

2. Under such circumstances, the trial judge might, in his discretion, pass an order directing that the two cases be consolidated and heard together, and in this manner have all the

issues disposed of by a judgment binding and conclusive upon all the parties before the court. In such trial the person who filed the first application in the court of ordinary would be entitled to open and conclude.

Argued January 25,—Decided March 22, 1897.

Appeal. Before Judge Callaway. Richmond superior court. April term, 1896.

*Boykin Wright* and *C. H. Cohen*, for plaintiff in error.
*Salem Dutcher* and *J. R. Lamar*, contra.

FISH, Justice.

F. J. Roulett, claiming an instrument, dated March 2d,. 1895, in which he was nominated executor, to be the last will of Margaret Roulett, offered it for probate in solemn form in the court of ordinary of Richmond county. To the probate of this instrument a caveat was filed by the heirs at law, save one, of said Margaret, on the grounds, (1) that at the time of the signing thereof said Margaret was. not of sound and disposing mind and memory; (2) that it was not her free and voluntary act, but was executed under the undue influence of said F. J. Roulett; and (3) that it was not her last will and testament. Before the issues. made by this caveat were heard, P. M. Mulherin, in the same court, offered for probate in solemn form, as the last will of said Margaret, an instrument dated May 11th, 1892, in which he was named executor. Mulherin was no party to Roulett's proceeding, in which only the instrument in which Roulett was named executor was in issue; while in Mulherin's proceeding Roulett and all the heirs of Mrs. Roulett were parties and both wills were in issue; and in this proceeding, and in this alone, could have been rendered a judgment covering all the issues and binding all parties. Both cases came on for hearing on the same day. In the Roulett case, which was first tried, judgment was rendered probating in solemn form the instrument propounded by him. Mulherin then requested a hearing on the petition to

probate the instrument in which he was nominated execu-
tor. Roulett filed a caveat to such probate, on the grounds,
(1) that it was not the last will of said Margaret, and (2)
because the matter of her last will was res adjudicata, as,
another will, later than the one sought to be propounded by
Mulherin, had just been duly probated in solemn form by
that court. These objections were sustained, and the peti-
tion of Mulherin refused. Mulherin on the same day en-
tered an appeal in each case, and the appeal papers were
filed on the same day in the clerk's office of the superior
court. The clerk numbered and docketed the case wherein
Mulherin was propounder No. 48, and the case wherein
Roulett was propounder No. 49. When the cases were
called in the superior court for assignment, they were both
set for trial on the same day, Roulett protesting that the
Mulherin case should not be assigned at all. Before the day
of trial, Roulett moved to strike the Mulherin case from
the assignment docket and to finally dismiss it, on the
grounds, (1) that its hearing would be to supplant and dis-
place a prior suit raising the same issues; (2) that its hearing
would, in effect, be an attack indirectly and collaterally
upon a prior judgment of the court of ordinary establish-
ing a different and later will as the last will of said Marga-
ret; (3) that its hearing would be to have two proceedings
pending in the same court, at the same time, to try the
same issue, and its effect might be that both wills, going be-
fore different juries, might be established as the last will
of said Margaret; (4) that the proper way for Mulherin to
raise and determine the claim set up by him was by caveat
to the probate of the instrument offered by Roulett, by
contending that it was not the last will of the said Margaret;
(5) that the hearing of Mulherin's case would subject the
county and the litigants to useless and unnecessary expense
and delay, and would tend to confuse the issues and retard
the orderly course of justice; and (6) that the only effect
of its hearing would be to improperly and illegally intro-

duce before the jury the revoked will, and thus seek to prejudice and confuse their judgment with irrelevant matters, the only proper issue to be submitted being whether the last will made was or was not the last will of said Margaret. This motion was overruled, and to this ruling Roulett excepted.

1. The sole question that we are to pass upon is, whether the court below erred in overruling the motion to strike Mulherin's case from the assignment docket and finally dismiss it; all other questions, whether made in the proceedings begun by Roulett or those begun by Mulherin, being left for determination in the court below when the case comes on for trial. None of the grounds of the motion to dismiss the appeal in Mulherin's case and the application filed therein were based upon defects appearing on the face of the proceedings in that case; and as a motion to dismiss must necessarily be predicated upon defects appearing on the face of the pleadings, it follows that there was no error in overruling such motion. As the refusal to grant the motion to strike the case from the assignment docket did not involve any final disposition of the case, the assignment of error thereon cannot be considered by this court.

2. The question involved in the two cases is, which, if either, of the instruments presented for probate is the last will of Margaret Roulett. The trial of one case would not necessarily determine the other, as a verdict in one for the caveat would not establish the instrument propounded in the other, and a verdict in Roulett's case, finding that the paper offered by him was the last will of Margaret Roulett, would not be binding upon Mulherin, because he is not a party to Roulett's proceeding. We are, therefore, of the opinion, in view of the complications that might arise from separate trials and the facility with which the whole matter may be determined by consolidating the cases, that the trial judge might, in his discretion, pass an order directing that the two cases be consolidated and heard together, and in

this manner have all the issues disposed of by a judgment binding and conclusive upon all the parties before the court. In such trial the person who filed the first applica-tion in the court of ordinary would be entitled to open and conclude.

*Judgment affirmed. All the Justices concurring.*