## WHITE *v.* INTERSTATE BUILDING AND LOAN ASSOCIATION.

1. Where a plaintiff in fi. fa. files an equitable petition against the defendant in fi. fa. and a claimant who asserts title to the property levied upon, charges collusion between the defendant and the claimant, and attacks the title relied upon by the claimant, and upon such petition an injunction is granted, restraining the prosecution of the claim case, and a receiver appointed to take charge of the property in dispute, it is not error for the judge, upon the call of the case for trial, to direct that the claim case and the case made by the equitable petition be consolidated and tried together.

2. The failure to record, within one year from its date, a deed executed in 1884, would postpone such deed to one subsequently made by the same grantor and which was filed and recorded in due time, if the grantee in such subsequent deed took the same without notice of the existence of the first deed. If such subsequent deed be void because infected with usury, the first deed, though unrecorded, will prevail.

3. In the trial of a claim case where the plaintiff in execution is a building and loan association, and the claimant attacks the deed upon which plaintiff's judgment is founded on the ground that it is infected with usury, the charter and by-laws of such association are admissible in evidence in behalf of the claimant; and testimony of an officer of such association, tending to show that the actual operations of the association did not bring it within the scope of a building and loan association pure and simple, is also admissible in evidence in behalf of the claimant.

4. Where in such a case the plaintiff in execution is attempting to enforce a special lien upon a tract of land, which lien is founded upon a deed executed to plaintiff by the defendant in execution, and the claimant, the wife of the defendant in execution, claims under a deed from her husband, evidence showing that she made application for dower in the property is admissible on the question of the good faith of her claim.

5. In such a case tax fi. fas. against the property in dispute, and the return of the appraisers on the estate of the deceased husband including the property in controversy, had no relevancy to the issue and should have been excluded from evidence, it not appearing that the claimant had any connection either with the tax fi. fas. or the appraisement.

Argued October 19,— Decided December 14, 1898.

Levy and claim. Before Judge Butt. Muscogee superior court. February 26, 1898.

*Brannon, Hatcher & Martin,* for plaintiff in error.
*W. A. Wimbish* and *E. D. Burts,* contra.

Cobb, J. On April 12, 1884, A. W. White conveyed by deed to his wife certain land. This deed was not recorded until

February 9, 1898. On March 10, 1894, White, who was a member of the Interstate Building & Loan Association, obtained from it an advance of $2,000, to secure the payment of which he executed to the association on the same day a security-deed to the same land which he had previously conveyed to his wife. This deed was taken by the association without notice of the prior deed to White's wife. After the conveyance to his wife, White remained in possession of the premises and exercised acts of ownership over them until his death, which occurred in January, 1895; after which his administrator went into possession. The Interstate Building & Loan Association brought suit against White in November, 1894, for the purpose of obtaining a special lien upon the property described in its security-deed. Pending the suit White died, and his administrator was made a party. In November, 1896, a general judgment was recovered in this suit, and a judgment setting up a special lien upon the property in dispute. A deed reconveying the property for the purpose of levy and sale was made by the association to the administrator. An execution issued upon this judgment in December, 1896, was levied, and the property duly advertised for sale. When the day of sale arrived, Mrs. White, the widow of A. W. White, filed an affidavit claiming the property as her own. Pending the claim case the association brought its petition against the claimant and the administrator, alleging that the claim was not interposed in good faith; that the claimant had no title or color of title to the property; that the claim was the result of collusion between the administrator and the claimant for the purpose of retaining possession of the property and enjoying the rents and profits; that the defendants were insolvent and unable to respond in damages; and praying that a receiver be appointed to take possession of the property and collect the rents and profits and hold the same subject to the order of the court, and that the claimant be enjoined from proceeding with her claim, except to bring the same within the purview of this suit, to be herein adjudicated. The court granted an interlocutory injunction and appointed a temporary receiver. Mrs. White filed an answer, in which she denied that she was insolvent and denied that the claim was inter-

posed in bad faith.  When the case was called for trial, the plaintiff in execution asked the court to consolidate and try as one case both the claim case and the case made by the equitable petition.  The claimant objected, because she was the only party to the claim case, while the petition was against different parties, and because the claim case raised the sole question of title, which question would be confused and clouded before the jury if tried with other issues.  The court overruled the objection, and ordered that both cases be tried together as one case.  To this the claimant excepted.  The jury rendered a verdict finding the property subject, and the court decreed accordingly.  Claimant filed a bill of exceptions, assigning error upon the exceptions above referred to, as well as to certain rulings on the admissibility of evidence, and to certain portions of the judge's charge and his refusal to give in charge to the jury certain written requests.

1. There was no error in directing that the claim case and the case made by the equitable petition be consolidated and tried together.  *Smith* v. *Dobbins,* 87 *Ga.* 303.  It is true that in the case of *Rosser* v. *Cheney,* 64 *Ga.* 564, it was held that it was error to require an action of ejectment, and a bill filed by the defendant therein to enjoin the same, to be consolidated and tried together, when objection was made by either party; but that case was decided before the passage of the uniform procedure act of 1887, which provides for the trial in the superior court under the same form of pleadings of every character of action, whether it be based upon a legal or an equitable cause of action.  We see no reason why, since the passage of that act, two cases of the character involved in the present litigation may not, in the discretion of the trial judge, be disposed of together and submitted to one jury under the direction of the court.  See in this connection *Roulett* v. *Mulherin,* 100 *Ga.* 591.

2. The moment that White executed and delivered the deed to his wife she became possessed of all his interest in the property.  It was not necessary to complete her title to the property that her conveyance should be recorded.  Her failure to record the deed might operate to prevent her from setting up her title against a subsequent purchaser from her husband, if such pur-

chaser obtained a deed without notice of the existence of the first conveyance and had the same recorded. See *New South B. & L. Ass'n* v. *Gann*, 101 *Ga.* 678. The law of force controlling in such matters at the time that the deed from White to his wife was executed is contained in section 2705 of the Code of 1882, and is in the following words: "Every deed conveying lands shall be recorded in the office of the clerk of the superior court of the county where the land lies, within one year from the date of such deed. On failure to record within this time, the record may be made at any time thereafter; but such deed loses its priority over a subsequent deed from the same vender, recorded in time, and taken without notice of the existence of the first." The law embraced in this section is embodied in section 3618 of the Civil Code, but in language not exactly the same, the section of the present code being as follows: "Every deed conveying lands shall be recorded in the office of the clerk of the superior court of the county where the land lies. The record may be made at any time, but such deed loses its priority over a subsequent recorded deed from the same vendor, taken without notice of the existence of the first." The section last quoted is, however, to be construed in connection with the registry act of 1889, now embodied in section 2778 of the Civil Code, which declares that "Deeds, mortgages, and liens of all kinds, which are now required by law to be recorded in the office of the clerk of the superior court of each county within a specified time, shall, as against the interests of third parties acting in good faith and without notice, who may have acquired a transfer or lien binding the same property, take effect only from the time they are filed for record in the clerk's office. And the said clerk is required to keep a docket for such filing, showing the day and the hour thereof, which docket shall be open for examination and inspection as other records of his office." The deed from White to his wife, having been made in 1884, is, of course, to be governed by the law as found in the Code of 1882. The deed made by White to the loan association, having been made in 1894, is to be controlled by sections 2778 and 3618 of the Civil Code. The title acquired by Mrs. White under her deed was

superior to the claim of every other person whatsoever, but her failure to record the same in due time would have the effect of preventing her from asserting her title against a subsequent purchaser from her husband, if such purchaser took without notice of the existence of her deed and had his deed recorded in due time. Having failed to record her deed within the time allowed by law, she took the risk of her husband's making a deed to a subsequent innocent purchaser, and this risk continued as long as she withheld her deed from record. Therefore, when in 1894 her husband for value made a deed embracing the property to the loan association, and the same was received, filed, and recorded in accordance with the law then of force, and without notice of the existence of her prior unrecorded deed, such second deed, if otherwise valid, would take precedence of the prior unrecorded deed. In order, however, for her deed to be defeated by such subsequent conveyance, it is absolutely essential that the subsequent conveyance should be a valid instrument. If the subsequent deed be void for any reason, the holder of the same acquires no right against the holder of the prior unrecorded deed. Therefore, if Mrs. White can show that the second deed made by her husband was, for any reason, void, the fact that she failed to record her deed is immaterial to an assertion of her rights under it. If the loan made by the association was infected with usury, the deed taken to secure such loan would be void. Mrs. White's rights in the property being complete long before the suit against her husband was filed, she, of course, is not concluded by the judgment in that case, and has the right, on a claim filed to the levy of the execution issued on such judgment, to raise the question as to the validity of the deed which was the foundation of the special lien now asserted on the property by the loan association. On this point the case is controlled by the cases of *Ryan* v. *Mortgage Co.*, 96 *Ga.* 322, and *Marshall* v. *Charland*, ante, 42; and is to be distinguished from the cases of *Swift* v. *Dederick*, ante, 35, and *George* v. *McAllister*, ante, 40.

3. The claimant contended that the deed made by White to the loan association was void on account of usury, and in support of this contention tendered in evidence the charter and

by-laws of the association, and also offered to prove by its gen-
eral manager that it acted under this charter and had made
loans to persons who were not members or stockholders, and
had issued stock known as investment stock, which matured at
a different time and in a different way, "and a different amount
than is charged upon regular loans." The court refused to al-
low any of this evidence. We think this was error. The claim-
ant had a right to attack the deed for usury, and should have
been allowed to offer any competent evidence which would tend
to support her contention. If the plaintiff association was a
building and loan association pure and simple, and the particu-
lar transaction under investigation was one thoroughly in ac-
cord with the scope and object of such an association, there
would be no usury in the transaction. If, on the other hand,
the association was not a building and loan association pure and
simple, and the plan of its operations was only a scheme to make
money at usurious rates of interest under the form of building
and loan contracts, and a sum of money in excess of the amount
which would be realized from the legal rate of interest was ex-
acted from the borrower, such transaction would be tainted with
usury and the deed would be void. This was a question for
the jury to determine from evidence submitted to them. See
Cook v. Equitable B. & L. Ass'n, 104 Ga. 814; Hollis v. Cove-
nant B. & L. Ass'n, 104 Ga. 318, and cases cited. The plan of
the association as set forth in its charter and by-laws and its
actual operations as proposed to be proved by the testimony of
the general manager were material. The court should there-
fore have allowed the jury to pass upon the evidence.

4. There was no error in refusing to exclude evidence show-
ing that Mrs. White had applied for dower in the property in
controversy. The application for dower, being subsequent to
the deed made by her husband to the loan association, of course
could in no way operate as an estoppel so as to prevent her from
asserting her title to the property. But the fact that she did,
after the date of her deed, file an application of this character,
treating the property as the property of her husband's estate,
would be a circumstance to be considered by the jury on the
bona fides of her claim of title, subject, however, to be ex-
plained by her.

5. Error is assigned upon the refusal of the judge to exclude from evidence two tax fi. fas. for 1895 and 1896 against the property in dispute, which fi. fas. had been transferred to the plaintiff in execution; and also upon the court's refusal to exclude the return of the appraisers on the estate of A. W. White, which appraisement included the property in dispute. Mrs. White, the claimant, not being connected in any way with the tax fi. fas. or the appraisement, so far as the record discloses, we do not think the evidence was relevant, and hence the court erred in refusing to exclude the same.

It is not necessary to rule specifically on all of the numerous questions made in the record. The controlling questions are decided by what has been said. Upon another trial the presiding judge can conform his charge to the law as laid down in this opinion; and if other errors were committed, he will have an opportunity to correct them.

*Judgment reversed. All the Justices concurring, except Little, J., disqualified, and Lumpkin, P. J., absent.*