GEORGIA RAILROAD AND BANKING COMPANY
*v.* GARDNER *et al.*

1. Where, pending an action against a railroad company for trespass to land, the company makes application to have the land condemned as the property of the plaintiff in the action for trespass, such application, there being no award made by the appraisers and consequently no appeal from an award, is not such a suit as should be consolidated with the action for trespass. Until an award has been made and an appeal taken therefrom, there is nothing in court to be tried in the condemnation proceeding. Such condemnation proceeding is no bar to the action for trespass, nor is the action for trespass merged in the condemnation proceeding.
2. One who enters upon and injures the land of another, though a trespasser, is not liable for the expenses of litigation in an action for damages for such injury, when the acts causing the injury were done in good faith, under the honest belief that the land belonged to the former, and when he has not been stubbornly litigious or caused the plaintiff unnecessary trouble or expense.

Argued July 17, — Decided October 30, 1903.

Trespass. Before Judge Brinson. Richmond superior court. December 16, 1902.

*Joseph B. & Bryan Cumming,* for plaintiff in error.
*William H. Fleming,* contra.

FISH, P. J. The history of this litigation is, in brief, as follows: · In 1896 the Georgia Railroad and Banking Company commenced the grading of the land in question, for the purpose of construct-

ing thereon an additional track. Mrs. Gardner had the employees of the company arrested for trespass, and threatened to have other of ·its agents arrested under ·a similar charge. The company brought an action to enjoin her from interfering with the work mentioned, and to require her to set up her legal rights in the premises. The company claimed the land under a deed made to it by Hale in 1835. Mrs. Gardner claimed it under a deed to her from a grantee of Hale, made subsequently to the deed to the company, and under prescription. The main questions passed upon by the jury in the trial of that case were, the width of the company's right of way under the Hale deed, and the extent and character of Mrs. Gardner's possession. The findings of the jury were in Mrs. Gardner's favor, and settled the title to the land in her. Upon a review of the case by this court, at the instance of the company, the judgment of the trial court was affirmed. *Georgia R. Co.* v. *Gardner,* 113 *Ga.* 897. The present action was then brought by Mrs. Gardner and others against the company, for damages for trespass in making the gradings, etc., and upon the first trial there was a verdict against the company. It brought the case to this court, where the judgment below was reversed. The rulings then made were: " 1. One who enters upon and injures another's land is not, though a trespasser, liable for punitive damages, when the acts causing the injury were done in good faith, under the honest belief that the land belonged to the former, and there was nothing in the manner of doing such acts to indicate an intention to wantonly disregard the rights of the true owner. 2. It was, in the present case, erroneous to give in charge to the jury section 3906 of the Civil Code, which authorizes the giving of such damages in cases of tort where there are aggravating circumstances." *Georgia R. Co.* v. *Gardner,* 115 *Ga.* 954. Subsequently to the bringing of the present action the company instituted, under a provision of its charter (Pr. Dig. 331, 358), a proceeding to condemn the land in question, and the plaintiffs in the ·present case sought to enjoin such condemnation proceedings. The trial judge refused to grant an injunction, and his judgment was affirmed by this court. 117 *Ga.* 522. On the second trial of the suit for damages there was a verdict in favor of the plaintiff for $2,689.20. The railroad company made a motion for a new trial, which was overruled, and it excepted.

1.　In this last trial, now under review, the railroad company sought to stay the case and have it superseded by and merged in the condemnation proceeding, and offered an amendment for that purpose.　The amendment was disallowed, and the company excepted pendente lite.　The company offered in evidence the record of the suit in which the Gardners sought to enjoin it from condemning the land in question, for the purpose of showing that this action for damages was merged in the injunction case.　The court rejected such record, and of this ruling complaint was made in the motion for a new trial.　We do not think either of these rulings was erroneous.　The pendency of a former suit for the same cause of action, between the same parties, in the same or any court having jurisdiction, is a good cause of abatement.　Civil Code, §§ 3737, 5094.　But there is no provision of law for pleading the pendency of a subsequent suit in abatement of the plaintiff's action, especially when such subsequent suit is instituted by the defendant.　Civil Code, § 4943, provides : " Suits between the same parties, arising under the same contract, involving the same pleas, and upon which the same verdict may be rendered, may be consolidated if the aggregate amount does not exceed the jurisdiction of the court."　Suits other than those arising ex contractu may, in the discretion of the court, be consolidated.　*Roulett* v. *Mulherin*, 100 *Ga.* 591; *White* v. *Interstate B. & L. Assn.*, 106 *Ga.* 146. The issues, however, must be the same.　Without seeking to determine whether the issues involved in this suit for trespass and in the proceeding to condemn the land were the same, we have no difficulty in holding that the mere application by the railroad company to condemn the land in question, in which no award had been made by the appraisers, and when, therefore, no exception to or appeal from an award had been taken, was no such suit as should have been consolidated with this action for trespass.　Until an award has been made and an appeal taken therefrom, there is nothing in court to be tried in the condemnation proceedings. Morever this court is loath to interfere with the discretion of the trial judge in refusing to consolidate cases, unless there is a very plain case of abuse, to the detriment of the defendant.　*Lewis* v. *Daniel*, 45 *Ga.* 124.

2.　Upon the trial evidence was admitted in behalf of the plaintiffs that Mrs. Gardner had paid $350 in counsel fees in the prior

suit for injunction brought by the railroad company against her, and in which the title to the land in question was adjudged to be in her.    Plaintiffs also put in evidence to the effect that a reasonable counsel fee for bringing and conducting the present case would be $250.    The railroad company objected to the admission of this evidence as to counsel fees, on the ground that they were not a proper element of damages in the case.    The court charged the jury: "Mrs. Gardner has the right, under the law, to recover, if she has the right to recover at all, any necessary expenses she may have incurred in defending her right to that piece of land in consequence of a trespass upon it.    If she has incurred any necessary expenses for attorney's fees, or in having the land properly measured in order to get the evidence, and you find that to be true from the evidence in this case, and the amount of it has been shown to you, I charge you that is an element of damage she would be entitled to recover for, if entitled to recover at all."    The assignments of error upon this charge and the admission of this evidence are, in our opinion, meritorious.    There was no claim for counsel fees or expenses of litigation set up in the petition.    It only sought to recover damages for the trespass.    Expenses of litigation are not allowed except in cases where the defendant has been guilty of bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense.    Civil Code, § 3796.    "The constitutional right to be heard in the courts is granted defendants as well as plaintiffs, and a defendant will not be charged with expenses of litigation except where he has acted in bad faith.    This refers to 'bad faith' in the transaction out of which the cause of action arose, rather than the motive with which the defense is being made." *Traders Ins. Co.* v. *Mann,* 118 *Ga.* 381. And, as was said by Chief Justice Bleckley in *Tift* v. *Towns,* 63 *Ga.* 242, "No man is bound to forego litigation at the expense of yielding rights apparently well founded, much less those which prove to be so founded in the end.    Where there is a bona fide controversy for the tribunals to settle, and the parties can not adjust it amicably, there should be no burdening of one with the counsel fees of the other, unless there has been wanton or excessive indulgence in litigation."    As we have seen, when the first trial of this case was under review, it was in effect held by this court, from the evidence then in the record, that the acts of trespass committed

by the railroad company for which damages were sought, were done in good faith, under the honest belief that the land belonged to it, and that there was nothing in the manner of doing such acts to indicate an intention to wantonly disregard the rights of the plaintiffs, and that for this reason it was erroneous for the judge to give in charge to the jury the section of the code authorizing the giving of punitive damages in cases of tort where there are aggravating circumstances. *Georgia R. Co.* v. *Gardner,* 115 *Ga.* 954. The testimony of most of the witnesses in the trial now under review was that given by them on the first trial, and there was nothing in the other evidence introduced on this last trial which tended to show any bad faith or intention on the part of the railroad company to wantonly disregard the rights of the plaintiff in committing the acts which caused the injury to the land. While there has been considerable litigation between these parties as to the land in question, it has not been of an unusual character. There were certainly bona fide controversies about the title, and as to the amount of damages to the land, which the parties could not amicably adjust; and the railroad company, as this court decided, had the right under its charter to condemn the land. In our opinion, there is nothing in the record to indicate that the railroad company has been stubbornly litigious or has caused the plaintiffs unnecessary trouble and expense. It follows that there was no right to recover counsel fees; and, as it is impossible to know what effect the admission of the evidence and the charge of the court in reference to such fees had upon the jury in fixing the amount of their verdict, we must order a new trial, unless the plaintiffs in the court below will write off the sum of the counsel fees proved, viz., $600. If this be done before the judgment of this court is made the judgment of the superior court of Richmond county, then a new trial is refused.

*Judgment reversed on terms. All the Justices concur, except Lamar, J., disqualified, and Turner, J., who did not preside.*