## CUNNINGHAM *et al. v.* WILLIAMS COMPANY.

A creditor who has instituted his suit at law against several debtors can not maintain, pending such action, a separate and independent equitable action having for its purpose the cancellation of an alleged fraudulent conveyance from one of the debtors to the latter's wife.

OCTOBER 13, 1910.

Equitable petition. Before Judge Whipple. Crisp superior court. November 30, 1909.

*Shipp & Sheppard,* for plaintiffs in error. *Wooten & Hofmayer, Hawes & Pottle,* and *Jesse W. Walters & Sons,* contra.

EVANS, P. J. The J. P. Williams Company, a corporation, filed its petition in the superior court of Crisp county against W. H. Cunningham and his wife, S. E. Cunningham, residents of that county, and W. W. Strom, a resident of Worth county, wherein it was alleged, that the defendants W. H. Cunningham and W. W.

Strom, together with three others, are jointly and severally indebted to petitioner in the principal sum of $10,138.36 upon certain promissory notes, executed by Strom and Cunningham and guaranteed by the other three; that Strom and Cunningham are insolvent; that during the existence of the indebtedness Cunningham conveyed to his wife, Mrs. S. E. Cunningham, certain described real estate and other lands which petitioner is unable to describe, but which it asks leave to set out by way of amendment as soon as the information shall have been obtained; and that the value of the real estate conveyed by the defendant Cunningham to his wife, S. E. Cunningham, is $20,000. The defendants pretend that at the time of the execution of the conveyances Cunningham was indebted to his wife in the sum of $6,000, and that she had an equity in the land to the extent of that sum; but it is charged that the conveyance in fact was made to hinder, delay, and defraud the creditors of Cunningham in the collection of their debts; and that Mrs. Cunningham has entered into an agreement with all the creditors of her husband, except petitioner, to pay off and discharge their indebtedness, and to encumber the land to the other creditors for that purpose. One of the creditors of W. H. Cunningham, and a party to this agreement, was W. W. Strom, who is indebted to petitioner in a large sum; and under the agreement it was stipulated that Mrs. Cunningham would convey to Strom the real estate described, to pay him certain sums in satisfaction of his indebtedness. Petitioner had no knowledge of this agreement, and charges that it was the express purpose of the parties thereto to obtain payment of their debts, to the exclusion of petitioner. The agreement has not yet been consummated, but will be made effective unless enjoined by the court. Unless a court of equity interferes to protect its rights, and if the agreement is permitted to be consummated, a multiplicity of suits will arise between the petitioner and various creditors who are parties to the agreement, and who reside in different counties of the State and different portions of the country. Plaintiff has brought suit on his notes against Strom, Cunningham, and others, to the May, 1909, term of the superior court, and is apprehensive that before it can obtain judgment and have execution issued upon the property above described, and other lands conveyed by W. H. Cunningham to his wife, the lands will pass into the possession of innocent

purchasers, and be beyond the reach of the ordinary processes of the court. Petitioner has made investigation as to the solvency of the other parties jointly liable on these notes with Strom and Cunningham, and to the best of petitioner's knowledge and belief it would be unable to collect its indebtedness from the joint obligors, who to the best of its knowledge and belief are insolvent. The prayer is, that S. E. Cunningham, W. H. Cunningham, and W. W. Strom be enjoined and restrained from consummating the agreement; that W. H. Cunningham and his wife be required to show to the court the amount of their indebtedness and that of W. H. Cunningham to W. W. Strom; that when the indebtedness shall have been ascertained, petitioner have an equitable garnishment against the defendants to the extent of that indebtedness, in order to subject it to the payment of its notes; and that Cunningham and his wife be restrained from paying over to Strom any money or other thing of value on their indebtedness to him, or that of W. H. Cunningham; and for general relief.

Cunningham and his wife demurred upon the grounds, that there was no equity in the petition; that the plaintiff has an adequate remedy at law; and that as it appears that petitioner has already filed suit on the notes, it should not have the right to maintain a second suit for the same cause of action. Thereafter the plaintiff offered to amend the petition by alleging, that W. H. Cunningham had conveyed to his wife certain other described lands, which conveyances were voluntary, and made at a time when W. H. Cunningham was insolvent, and with intent to hinder, delay, and defraud the creditors of W. H. Cunningham, and that the fraudulent intent of W. H. Cunningham was known to S. E. Cunningham at the time the conveyances or transfers were made. It was further alleged that on the day the amendment was offered the petitioner had obtained judgment against all of the defendants in the suit upon the notes referred to in the original petition. All of the allegations with reference to the agreement between Mrs. S. E. Cunningham and the creditors of her husband and W. H. Cunningham, the prayer for injunction against the consummation of such agreement, and the prayer for equitable garnishment were stricken. Objection was made to the allowance of this amendment, on the grounds, that the original petition set forth no cause of action, and there was nothing upon which to base the amend-

ment; that the amendment added a new and distinct cause of action; that since the filing of the suit the plaintiff had obtained judgment on the notes, and it was incompetent for the plaintiff to set up by way of amendment any rights acquired since the filing of the suit. The objections were overruled, and the amendment was allowed. The defendants, W. H. and Mrs. S. E. Cunningham, then demurred to the petition as amended, upon the grounds, that no cause of action is alleged; that plaintiff has an adequate remedy at law; that the petition, as amended, discloses that at the time of the original suit the plaintiff had no lien nor judgment against the property alleged to have been fraudulently conveyed, and now seeks to set up rights subsequently acquired by virtue of a judgment obtained against W. H. Cunningham since the filing of the original petition; that the petition does not show that petitioner has any execution against any of the defendants upon which there is a return of nulla bona, or other facts upon which plaintiff is entitled to the equitable relief sought. This demurrer was overruled; and the defendants excepted to the allowance of the amendment, and to the overruling of the demurrer to the petition as amended.

As an amendment relates to the beginning of the action, the sufficiency of the petition is to be determined by the allegations of the original petition and the amendment. Eliminating the allegations stricken by the amendment, the substance of the petition is, that the plaintiff had instituted suit upon certain promissory notes against W. H. Cunningham and four others, which suit was then pending in the superior court of Crisp county; that one of the defendants, W. H. Cunningham, had conveyed to his wife certain real property; that Cunningham was insolvent at the time, and the conveyances were made for the purpose of hindering, delaying, and defrauding creditors; that Mrs. Cunningham knew of this intent on the part of her husband to defraud his creditors at the time the conveyances were made to her; that the plaintiff had since obtained judgment; and upon these facts it prayed for the cancellation of the conveyances as fraudulent, and that the land be declared subject to the plaintiff's indebtedness. Under our equity practice prior to the adoption of the uniform procedure act of 1887 (Civil Code, § 4937), a creditor could not go into equity for the purpose of cancelling his debtor's fraudulent deed without

first having reduced his claim to judgment, and had execution issued thereon, with a return of nulla bona. That enactment permitted the creditor to proceed in one suit for a judgment and to set aside the fraudulent conveyance of the debtor. *DeLacy* v. *Hurst,* 83 *Ga.* 223 (9 S. E. 1052); *Booth* v. *Mohr,* 122 *Ga.* 333 (50 S. E. 173). The act allowed a union of legal and equitable causes of action, and was not intended to confer any new equitable jurisdiction. A prime object of the act was to obviate the necessity of two suits, when the purpose of each was to reach the same end. The basis of the suit by a creditor to cancel his debtor's fraudulent deed under the old practice was that the creditor had exhausted all legal means to collect his debt. Under the new practice the creditor may proceed coincidently for judgment and for equitable relief, but not by different suits. The equitable relief is dependent upon the existence of the debt, which must be established before the equitable relief will be decreed. The creditor can not maintain an equitable action to cancel his debtor's alleged fraudulent deed without conforming either to the old or the new practice. The creditor is not prevented from pursuing the latter course because the equitable relief is not sought against all of his debtors. *Conley* v. *Buck,* 100 *Ga.* 187 (28 S. E. 97). The petition should have been dismissed.       *Judgment reversed. All the Justices concur.*