## FOURTH NATIONAL BANK OF COLUMBUS *v.* MOOTY.

A creditor may proceed against his debtor in the superior court of the latter's residence, for judgment on his demand, and in the same action may have cancellation of his debtor's fraudulent deed, if necessary to enforce his judgment, although his debtor's grantee resides in another county, provided the latter is a party to the action. But such creditor can not maintain an action for his debt, and for ancillary relief of cancelling his debtor's deed, in a county of the venue of the debtor's grantee, which is different from that of the debtor, though the debtor be made a party with his grantee.

FEBRUARY 11, 1915.

Equitable petition. Before Judge Daniel. Muscogee superior court. October 3, 1913.

The Fourth National Bank of Columbus, Georgia, brought an action in the superior court of Muscogee county against H. M. Mooty, a resident of Fulton county, and Leo Loewenherz, a resident of Muscogee county, alleging as follows: Mooty is indebted to the plaintiff on certain promissory notes, copies of which are attached to the petition. For many years past Loewenherz has conducted a mercantile business, and Mooty was in his employment. According to information being conveyed to the plaintiff by Loewenherz, on divers occasions, and within four years prior to February 27, 1913, Mooty did fraudulently take and carry away and convert to his own use various sums of money, to the injury and without the consent of Loewenherz; and on the day last named Loewenherz charged and accused Mooty with a felony, and did coerce and intimidate Mooty to convey to him several lots or parcels of land lying in the city of Columbus, Muscogee county. These deeds embraced all the property which Mooty owned or possessed, of any value. Upon information and belief it is charged that no present consideration was paid to Mooty, but that the real consideration moving him to execute and deliver the deeds was a forbearance of prosecution for the offense of felony, held out and promised him by Loew-

enherz. Loewenherz after receiving the lands and tenements described in the deeds from Mooty and after charging Mooty with a criminal offense, did, in consideration of the execution and delivery of the deeds, and in consideration of the receipt of the lands, compound the offense, and did promise and forbear to prosecute therefor. Mooty and Loewenherz did fraudulently conspire to suppress a prosecution for crime, and did fraudulently conspire to hinder, delay, and defraud bona fide creditors of Mooty in the enforcement of their debts. The deeds of conveyance were void, in that there was no legal or moral consideration therefor. Mooty has no other property upon which petitioner or any of his other creditors can impress their debts, and he is insolvent. The prayers were, for judgment against Mooty on the notes; for cancellation of the conveyances from Mooty to Loewenherz; for injunction against Loewenherz's encumbering the real estate; for an accounting by Loewenherz for the rents and profits of the property; that the judgments prayed for be impressed upon and made out of the real estate held by Loewenherz under the conveyances from Mooty; and for general relief. Both defendants demurred on the ground, among others, that the superior court of Muscogee county was without jurisdiction to entertain the action. The demurrers were sustained, and the plaintiff excepted.

*Battle & Hollis,* for plaintiff.

*A. W. Cozart, G. Y. Tigner,* and *T. T. Miller,* for defendants.

EVANS, P. J. (After stating the foregoing facts.) The uniform procedure act of 1887, permitting the joinder of legal and equitable causes, and obtaining appropriate relief in the same action, did not change any essential feature of the law respecting the venue of actions. Before its passage a creditor without a lien, under ordinary conditions, could not first maintain an action to set aside a fraudulent conveyance of his debtor; but since its enactment a creditor, in one action, may attack a sale made by his debtor as fraudulent, and obtain judgment against his debtor for the debt. *Booth* v. *Mohr,* 122 *Ga.* 333 (50 S. E. 173). This does not mean that a creditor without a lien may go out of the county of his debtor and institute an action against the debtor's grantee, in the county of the latter's residence, for the purpose of obtaining judgment against his non-resident debtor and subjecting to its lien property which it is alleged the debtor fraudulently conveyed to his grantee. A cred-

itor may sue his debtor in the county of the latter's residence, and in the same action (if it be in a court which has equitable jurisdiction) may have equitable relief in cancelling his debtor's fraudulent deed, although the grantee may reside in a different county. The jurisdiction of the court having equitable jurisdiction draws to its power of rendering judgment against the debtor the power of administering proper ancillary equitable relief. It is not the power to render the ancillary relief which fixes the jurisdiction of the court over the person, but, rather, the jurisdiction over the person to render judgment includes the jurisdiction to grant ancillary relief appropriate to the enforcement of the judgment to be obtained in the same action. The plaintiff's right to cancellation is dependent upon his right to a judgment against his debtor who lives in Fulton county. The uniform procedure act of 1887 did not provide that a creditor could go out of the county of the debtor's residence and obtain a judgment, and ancillary relief against him, but that simultaneously in his action for a judgment, in the county of the debtor's residence, he could join therein a supplementary cause of action for equitable aid in the enforcement of his judgment. *DeLacy* v. *Hurst,* 83 *Ga.* 223 (9 S. E. 1052) ; *Cunningham* v. *Williams Company,* 135 *Ga.* 249 (69 S. E. 101).

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*