## SPINKS *v.* LaGRANGE BANKING & TRUST COMPANY.

1. The trial judge did not err in allowing an amendment which engrafted the action at law upon the equitable petition which prayed judgment upon the same notes as set forth in the suit upon the notes, and in addition asked for injunction and for cancellation of the deed made by one of the defendants in the action at law, a husband, to his wife, who was made a party in the equitable petition, and thereby consolidating the two cases. When the rights of all concerned in a common subject-matter may be adjudicated in a single proceeding without prejudice to any, equity may interfere to prevent a multiplicity of suits; and the rule may be as well applied in the consolidation of suits already pending as in an instance where the proceeding is an initiatory one. "It is in the discretion of the judge of the superior court to consolidate two cases sued in that court into one. . . Such discretion will not be interfered with unless abused."

(a) Under the allegations of the equitable petition there was enough to amend by, and the trial judge did not abuse his discretion in ordering the consolidation of which complaint is made.

(b) The consolidation of the prior action at law amounted practically to a withdrawal of the legal action, and was tantamount to an order dismissing it.

(c) No harm resulted from the amendment striking the Spinks Hardware Company as a party defendant. Even were it to be conceded that the allowance of this amendment was error, the principal having been discharged as a bankrupt, the right of subrogation was valueless to the indorser upon the notes.

2. The court did not err in allowing the amendment in which the plaintiff prayed for a special lien upon the 50 acres of land. Though the defendant denied having obtained credit upon the ground of his apparent ownership of the land in question, the question was issuable and for the determination of the jury, and the amendment was properly allowable to enable the jury to pass upon the evidence submitted upon this point.

3. It was not error to refuse a nonsuit.

4. Some grounds of the motion for a new trial can not be considered, because they relate to rulings upon the pleadings; but the same questions are presented in the exceptions pendente lite, and, so far as the same are meritorious, have been ruled in the preceding headnotes.

5. The exceptions to the admission of the testimony complained of in the fourth, fifth, and seventh grounds of the amended motion are without merit.

6. The evidence supported the verdict, and the trial judge did not err in overruling the motion for a new trial.

No. 4468. July 16, 1925.

Equitable petition. Before Judge Roop. Troup superior court. May 5, 1924.

*L. L. Meadors* and *E. T. Moon,* for plaintiff in error.

*L. B. Wyatt* and *A. H. Thompson,* contra.

45

RUSSELL, C. J.   On June 20, 1923, the LaGrange Banking and Trust Company filed two suits in the superior court of Troup County: (1) a suit on promissory notes against the Spinks Hardware Company, a corporation, as maker, and J. W. Spinks, as indorser; and (2) thereafter, on the same day, an equitable petition praying for the cancellation of a deed executed by Spinks to his wife, and for an injunction. In the equitable petition it was alleged, "that there is now pending, to wit, a suit in Troup superior court, in which this petitioner is the plaintiff and Spinks Hardware Company, maker, and J. W. Spinks, indorser, are defendants, wherein said petitioner seeks to recover on said notes the sum of $8675 and interest. Said suit has been filed to the July term, 1923, of said court." It was also alleged, that, "in aid of said suit and to cancel said deed, exhibit A, if delivered, and to prevent delivery of said deed if not delivered, and to enjoin the sale, transfer, or change of status of the land set out in said deed, this suit is brought." The deed was attacked in the equitable suit as being a fraudulent conveyance between husband and wife, alleged to have been executed for the purpose of hindering, delaying, and defrauding the plaintiff in error. It was further alleged that the defendant in error had no adequate remedy at law, and that no money was paid as consideration for the deed from the husband to the wife. The plaintiff in error demurred to the petition, the demurrers were overruled, and exceptions pendente lite were filed to the judgment overruling the demurrers, which are preserved in the present bill of exceptions. On January 30, 1924, the banking company (plaintiff) offered an amendment to its original petition, alleging therein that "there is now pending in this court a suit on certain notes in which Spinks Hardware Company is the maker and J. W. Spinks is indorser, said notes being attached to said suit," and that "this suit is brought in aid of said suit," and prayed that the two suits be consolidated and tried together in order to avoid a multiplicity of suits. To this amendment the defendant, now plaintiff in error, demurred upon the grounds: (1) That the amendment came too late. (2) That the petition as consolidated would be multifarious. (3) That the amendment seeks to create a misjoinder of parties defendant. (4) That it creates an improper joinder of causes of action heretofore pending as separate cases between different parties, covering and

involving separate and distinct defenses. (5) That the amend-
ment connects in said action two separate suits in which there are
no common or mutual rights or interests. (6) That it connects
two separate and independent suits between a plaintiff and different
defendants, in which there is no common liability. (7) That the
equitable petition which is sought to be amended by consolidating
therewith a suit at law is void, and there is nothing for the plain-
tiff to amend by. The trial judge overruled the demurrers and
allowed the amendment, and exception is taken to that ruling.
Later in the trial of the case, on motion of the plaintiff, over the
objection of the defendant J. W. Spinks, the court struck the
Spinks Hardware Company as a party defendant, and exceptions
to this ruling are preserved in the bill of exceptions. Afterward
the plaintiff in error renewed and urged each of the grounds there-
tofore urged against the cases as amended and consolidated. These
demurrers were overruled, and exception is taken to that ruling.
At the conclusion of the evidence the plaintiff in error moved
the court to grant a nonsuit. This motion was overruled, and
exceptions preserved by appropriate exceptions pendente lite. The
jury returned a verdict finding in favor of the plaintiff. The de-
fendant moved for a new trial; this motion was overruled, and
the defendant excepted.

In addition to the usual general grounds error is assigned:
(1) Upon the ruling of the court in allowing the amendment which
prayed the consolidation of the two cases. (2) Because the court
allowed an amendment praying that a special lien be decreed in
favor of the plaintiff as against the real property in question. (3)
Because the court erred in striking Spinks Hardware Company as
a party defendant. (4) Because the court permitted Robert
Hutcheson, a witness for the plaintiff, to testify as to a statement
alleged to have been made by the defendant J. W. Spinks, in
which he refused to give a deed to the property in question to se-
cure his indebtedness to the plaintiff, over the objection that any
statement made by Spinks out of the presence of Mrs. Spinks is
not binding on her. (5) Because the court erred in admitting the
testimony of Mrs. J. W. Spinks, to the effect that she knew that
the business of the Spinks Hardware Company was unprofitable,
over the objection of the defendant that after the hardware com-
pany had been stricken as a party defendant the plaintiff would

have no right to go into the condition of that company even though it might have been bankrupt, that this testimony would not show the financial condition of J. W. Spinks, and that, the Spinks Hardware Company being a corporation, its solvency or insolvency was irrelevant and immaterial. (6) Because the court refused to rule out the testimony of Robert ·Hutcheson, that Spinks refused to secure the bank with a deed to the land, though he did not make any definite answer; also the testimony of Hutcheson, that Spinks stated to him that he considered the value of the property to be around fifteen or seventeen thousand dollars, and expected to divide the 50 acres of land into lots, over the objection that any statement Spinks made out of the presence of Mrs. Spinks would not bind her. (7) Because the court erred in admitting the statement of Robert Hutcheson as to the value of the land and his intention to cut it into lots, on the ground that the same was not binding on movant, she not being present and not being a party thereto, and on the ground that it was irrelevant, immaterial, and prejudicial. (8) Because the following material evidence of J. W. Spinks was illegally admitted, to wit: that the witness and defendant had put down the assets, money and other things, and the fifty acres of land, and had listed the value of it, over the objection that the testimony was irrelevant and prejudicial and made out of the presence of Mrs. Spinks, and it was not shown that Spinks was the agent of the movant, and therefore the statements made by him were not binding on her.

1. In logical and legal sequence we shall deal first with the questions raised by the demurrers and objections to the amendments to the pleadings and consolidation of the cases as allowed by the trial judge. To state the case plainly and concisely, the following question is raised: Did the fact that the LaGrange Banking & Trust Company had sued at law the Spinks Hardware Company, as maker, and J. W. Spinks, as indorser, prevent the consolidation of the action at law with an equitable petition which sought to collect the same indebtedness by invoking the aid of equity to impound the property of J. W. Spinks and subject it to the payment of his debts to the LaGrange Banking & Trust Company as indorser of the note of the Spinks Hardware Company? Under the provisions of the uniform procedure act of 1887 (Civil Code of 1910, § 5406) there would seem to be but one answer to

the question. The consolidation was based upon the equitable petition which sought to avoid and prevent a multiplicity of suits. Spinks had made to his wife a deed whereby he conveyed to her certain realty. If the transfer was a valid and binding one, it was no longer his property but the property of his wife, and not subject to his indebtedness. If the property really belonged to his wife, it is probable that the action at common law and the obtaining of the judgment would be futile and fruitless. For this reason the plaintiff was entitled either at law or in equity to collect the indebtedness due to it and to subject any property either of the Spinks Hardware Company or J. W. Spinks for the purpose of extinguishing the indebtedness. The deed from Spinks to his wife stood in the way, and its validity would have had to be tested after the plaintiff had obtained a judgment upon its notes signed by Spinks as indorser before the realty conveyed by the deed could have been subjected. If the plaintiff had obtained a judgment and levied upon the land, undoubtedly Mrs. Spinks would have filed a claim, and the issue of ownership thus would have been presented for determination. By the filing and service of the equitable petition Mrs. Spinks was notified of the proceedings, and was before the court just as much as she would have been had the plaintiff first obtained its judgment and she had filed a claim. She was not a stranger in interest to the proceeding between the banking company and her husband, because there was a common res, in the disposition of which she and the banking company each had an interest, the bank as a creditor, apparently entitled, if it sustained the allegations of its petition, to subject the property to its claim, and Mrs. Spinks, if her claim of ownership was supported, entitled upon her part to retain possession and ownership of the property.

It is not to be held that there are no valid contracts between husband and wife. A debt due by a husband to his wife is as valid as one owing to any other creditor, but it has no superiority over indebtedness due to outsiders; and we think the court properly held that to avoid a multiplicity of suits, the subject-matter and all parties interested therein being before the court, it was proper to dispose of the matter in one trial instead of two or more. We fail to see how the mere consolidation was in any wise harmful to the plaintiff in error, or why the amendment came too late. For

the reasons already stated, the interests of the parties in the same subject-matter prevent the petition as amended from being multifarious, and the trial judge did not err in overruling the demurrer based upon that ground; and the same ruling applies to the fourth, fifth, and sixth grounds of the motion to strike the plaintiff's amendment. But it is strenuously insisted that the amendment should not have been allowed, for the reason that the equitable petition which was sought to be amended by consolidating therewith a suit at law was void, and consequently there was nothing to amend by. It is said that "a careful examination of the law fails to disclose any case in which the courts have permitted the consolidation of such cases as were consolidated in the present instance. The effect of the consolidation of the two cases practically amounted to an innovation completely changing the identity of each." The decision of *Cunningham* v. *Williams Co., 135 Ga.* 249 (69 S. E. 101), is relied upon. In that case it was held: "A creditor who has instituted his suit at law against several debtors can not maintain, pending such action, a separate and independent equitable action having for its purpose the cancellation of an alleged fraudulent conveyance from one of the debtors to the latter's wife." The *Cunningham* case is easily distinguished from the case at bar, by reason of the fact that there was no attempt in that case to consolidate the action at law and the equitable petition, as was done in the case at bar. On the contrary, in the *Cunningham* case Williams & Company proceeded with their action at law and obtained judgment against all of the defendants in the suit referred to in the original petition; and in the amendment offered in that case the plaintiff sought to take advantage of rights acquired since the filing of the equitable petition, by alleging that judgments had been obtained. Therefore the court necessarily held, that, "As an amendment relates to the bringing of the action, the sufficiency of the petition is to be determined by the allegations of the original petition and the amendment;" and further, that, "eliminating the allegations stricken by the amendment, the substance of the petition is  .  .  that the plaintiff had since obtained judgment."

In the present case the suit upon the notes had not been pressed, no judgment had been obtained, and the consolidation of the suits by amending the equitable petition by engrafting into it the action

at law had no other effect than if the contents of the petition had been written upon a separate piece of paper and offered independently, except that in that event, under the ruling in the *Cunningham* case, the action at law would necessarily have had to be dismissed, so that it could not be said that the plaintiff was proceeding at one and the same time in separate actions both in law and in equity. In the *Cunningham* case, Mr. Justice Evans, delivering the opinion of the court, said: "Under our equity practice prior to the adoption of the uniform procedure act of 1887 (Civil Code, § 4937), a creditor could not go into equity for the purpose of canceling his debtor's fraudulent deed without first having reduced his claim to judgment, and had execution issued thereon, with a return of nulla bona. That enactment permitted the creditor to proceed in one suit for a judgment and to set aside the fraudulent conveyance of the debtor. *DeLacy* v. *Hurst,* 83 *Ga.* 223 (9 S. E. 1052); *Booth* v. *Mohr,* 122 *Ga.* 333 (50 S. E. 173). The act allowed a union of legal and equitable causes of action, and was not intended to confer any new equitable jurisdiction. A prime object of the act was to obviate the necessity of two suits, when the purpose of each was to reach the same end. The basis of the suit by a creditor to cancel his debtor's fraudulent deed under the old practice was that the creditor had exhausted all legal means to collect his debt. Under the new practice the creditor may proceed coincidently for judgment and for equitable relief, but not by different suits. The equitable relief is dependent upon the existence of the debt, which must be established before the equitable relief will be decreed. The creditor can not maintain an equitable action to cancel his debtor's alleged fraudulent deed without conforming either to the old or the new practice. The creditor is not prevented from pursuing the latter course because the equitable relief is not sought against all of his debtors. *Conley* v. *Buck,* 100 *Ga.* 187 (28 S. E. 97)." In this case the consolidation prevented a multiplicity of suits and effected a dismissal of the action at law at one and the same time, and the grafting of the action at law by way of amendment upon the equitable petition obviated the necessity of two trials.

It is true that in *Rosser* v. *Cheney,* 64 *Ga.* 564, it was held that it was error to require an action of ejectment and a bill filed by a defendant therein to enjoin the same to be consolidated and tried

together, when objection was made by either party; but that case was decided before the passage of the uniform procedure act of 1887, which provides for a trial in the superior court under the same forms of pleadings of each form of action, whether it be based upon a legal or an equitable cause of action. But while it is true that Mr. Chief Justice Simmons in passing upon the case of *DeLacy* v. *Hurst,* 83 *Ga.* 223 (supra), said that the passage of the uniform procedure act did not confer any new or additional rights cumulative of those theretofore existing, still since the passage of that act this court held, in *Smith* v. *Dobbins,* 87 *Ga.* 303 (13 S. E. 496), that "Where several executions in favor of different plaintiffs have been levied on the same property, and one person has filed in resistance to each levy a separate claim, and the claim cases thus made are pending in court, all involving the same question, and it being one upon the decision of which the subjection or non-subjection of the property to all the executions depends, an equitable petition will lie in favor of the claimant against all of the plaintiffs jointly, to bring to trial all of the claims together, and dispose of them by one verdict and judgment." In the *Smith* case Mr. Justice Lumpkin, delivering the opinion of the court, said: "The doctrine is well established that equity will interfere to restrain the bringing of a multiplicity of suits when the rights of all concerned may be adjudicated without prejudice to any in a single proceeding, and there is no reason in principle why this rule should not be applied to *cases already brought and pending* by consolidating them into a single case." The learned judge then quoted from 1 High on Injunctions, § 12, as follows: "Where there is one common right in controversy which is to be established by or against several persons, one person asserting the right against many, or many against one, equity may interfere, and, instead of permitting the parties to be harassed by a multiplicity of suits, determine the whole matter in one action." In *While* v. *Interstate Building & Loan Association,* 106 *Ga.* 146 (32 S. E. 26), this court held: "Where a plaintiff in fi. fa. files an equitable petition against the defendant in fi. fa. and a claimant who asserts title to the property levied upon, charges collusion between the defendant and the claimant, and attacks the title relied upon by the claimant, and upon such petition an injunction is granted, restraining the prosecution of the

claim case, and a receiver appointed to take charge of the property in dispute, it is not error for the judge, upon the call of the case for trial, to direct that the claim case and the case made by the equitable petition be consolidated and tried together." This ruling was based upon the reason that since the passage of the uniform procedure act of 1887 it was in the discretion of the trial judge whether the cases might not be disposed of together, citing *Roulett* v. *Mulherin,* 100 *Ga.* 591 (28 S. E. 291).

In the *Roulett* case the question involved was which of two certain writings was in fact the last will and testament of Margaret Roulett. F. J. Roulett offered for probate one instrument in which he was nominated as executor, and P. M. Mulherin offered for probate in solemn form in the same court another and different instrument in which he was named as executor. Mulherin was not a party in Roulett's proceeding, and, as this court held, "The trial of one case would not necessarily determine the other, as a verdict in one for the caveat would not establish the instrument propounded in the other, and a verdict in Roulett's case, finding that the paper offered by him was the last will of Margaret Roulett, would not be binding upon Mulherin, because he is not a party to Roulett's proceeding." Yet this court by a unanimous bench held: "We are therefore of the opinion, in view of the complications that might arise from separate trials and the facility with which the whole matter may be determined by consolidating the cases, that the trial judge might, in his discretion, pass an order directing that the two cases be consolidated and heard together, and in this manner have all the issues disposed of by a judgment binding and conclusive upon all the parties before the court." While the ruling in *Lewis* v. *Daniel,* 45 *Ga.* 124, was not referred to in the *Roulett* case, the judgment of the court in the latter case is apparently in line with the holding of this court in the *Lewis* case, to the effect that the consolidation of cases in order to avoid a multiplicity of trials is largely within the discretion of the trial judge; for in the *Lewis* case, decided long before the passage of the uniform procedure act, it was held that "It is in the discretion of the judge of the superior court to consolidate two cases sued in that court, into one, on the motion of defendant. Such discretion will not be interfered with unless abused." It is hardly necessary to say that if the discretion as to consolidation may be exercised

on motion of the defendant, it would be equally applicable where the motion was made by the plaintiff, as in the case at bar. In the case at bar the defendants had the same defense or no defense at all; and if there is a common interest centering in the point at issue, there is no misjoinder of causes of action. "Where there is one common right to be established by or against several, and one is asserting the right against many, or many against one, equity will determine the whole matter in one action." Civil Code (1910), § 5419. *Smith* v. *Dobbins, White* v. *Interstate Building & Loan Asso.,* supra; *White* v. *North Ga. El. Co.,* 128 *Ga.* 539 (58 S. E. 33) ; *Cooper* v. *Bowen,* 140 *Ga.* 45 (78 S. E. 413).

In an equitable proceeding of the character now before us there is no misjoinder of causes of action, when either plaintiffs or defendants have one common interest centering in the point in issue, or one common point of litigation with an opposite party. *Peoples Bank* v. *Cleveland,* 117 *Ga.* 908 (2) (44 S. E. 20). In the case at bar the common interest is on the part of the defendants as to whether the deed in question was a valid instrument, or void as a fraudulent conveyance by the husband to the wife. In view of the fact that the court is of the opinion that the consolidation of the prior action at law, which was entirely undisposed of, with the equitable petition, amounted to a practical withdrawal of the legal action, we can not hold that the equitable petition was so fatally defective as to be void and incurable by the process of amendment as allowed by the court. The equitable petition made J. W. Spinks, Mrs. P. P. Spinks, and the Spinks Hardware Company parties defendant. It set forth the same debt as that alleged in the suit on the notes against Spinks Hardware Company as maker, and J. W. Spinks as indorser, and a $200 note which was not indorsed, in addition to the foregoing. It alleged that the Spinks Hardware Company was insolvent. It set forth that the property of J. W. Spinks besides a tract of land and improvements thereon, which was later described, did not exceed $500 to $1000 ; and it alleged that the deed was executed by J. W. Spinks, with knowledge on the part of the grantee, to hinder, delay, or defeat the indebtedness due to the petitioner. It was alleged that the petitioner did not know whether the deed had in fact been delivered or not, but it was charged that it had been recorded; and that if the alleged transfer were allowed to stand, petitioner would lose from

$4000 to $5000 of the indebtedness due it, because the only assets which could be appropriated to the payment of its debts would' be its pro rata share of the assets of the maker of the notes, the Spinks Hardware Company. It prays an injunction against the delivery of the deed if it has not been delivered, and that the defendant J. W. Spinks be enjoined from altering the legal status of the property; and further prays that the deed be decreed to be null and void and that it be canceled. We think that with these allegations the petition at least set forth such a cause of action as provided enough to amend by. Therefore the contention of the plaintiff in error that the equitable petition was void as affording nothing to amend by can not be sustained.

·. The plaintiff in error objected and filed exceptions pendente lite to the allowance of an amendment on behalf of the plaintiff, striking the Spinks Hardware Company as a party defendant, and insisted that J. W. Spinks, having interposed a plea of suretyship, was subjected to a greater risk by the ruling of the court, and thereby released as surety. It was also insisted that J. W. Spinks had the right in any event ·to be subrogated to the rights of the plaintiff as against his principal, the Spinks Hardware Company. If the ruling of the court was for any reason erroneous, the error was harmless, because the undisputed evidence discloses that at the time of the trial the assets of the hardware company had been reduced to cash and distributed by the court of bankruptcy, resulting in a payment of less than ten cents on the dollar, and the evidence was undisputed that the sum of $        had been credited upon the notes of the plaintiff. The right of subrogation was valueless.

Complaint is also made that the court erred in directing the verdict against J. W. Spinks. While it is error ever to direct a verdict if there is any hypothesis arising from the evidence upon which· a finding different from that directed by the court can be predicated with any show of reason, still, as in the present instance there is no evidence disputing the obligation of the defendant J. W. Spinks, as evidenced by the note (although he himself was a witness), we find no error in the direction of the verdict against him.

We do not think that the court erred in allowing an amendment in which the plaintiff prayed for a special lien upon the 50 acres of land. The plaintiff insisted at the trial that its advancement of the

money represented by the notes in the first instance and the subsequent renewal of these notes was predicated upon the indorsement of J. W. Spinks, and was induced by his holding out his ownership and the value of the 50 acres of land, the ownership of which was in issue in this case. The bank contended that but for Spinks's representations as to the value of the land, and the fact of his ownership therein, the loans would not have been made. While Mr. Spinks denied having ever made a statement to the bank as to his ownership of the land or any financial statement of any character, and therefore the evidence as to whether the plaintiff was equitably entitled to a lien was issuable and for the determination of a jury, still the amendment was properly allowed in order that the jury might consider and pass upon the evidence submitted to them upon this point.

Exception is taken to the fact that the court refused to award a nonsuit. The plaintiff in error insisted that the bank had failed to prove the insolvency of J. W. Spinks, or that the deed was made for the purpose of hindering, delaying, or defrauding creditors, or that the same was accepted by the grantee with knowledge of the insolvency of the grantor; and also that the plaintiff failed to show that there was not a valid consideration for the deed. The testimony of J. W. Spinks upon the stand practically admitted insolvency; and the circumstances outside of this were amply sufficient to show that he owned nothing after the execution of the deed to his wife, except his interest in the Spinks Hardware Company, from which he admitted he did not expect to receive any return. It is unnecessary to detail the testimony upon the point that the deed was made with knowledge on the part of the grantee of the insolvency of the grantor, and for the purpose of hindering, delaying, or defrauding creditors. The testimony of Mrs. Spinks herself, when we consider that the burden of proof of showing the bona fides of the transaction between husband and wife devolves upon the married pair, amply authorized the finding of the jury upon those points. Likewise, the jury were authorized to find that there was no valid consideration for the deed, inasmuch as Mrs. Spinks testified herself that she considered it as a gift to provide a home for herself and the children; and the only attempt to show a valuable consideration was the advancement by Mrs. Spinks to her husband, nearly twenty

years before, of the sums of $625 and $525 respectively, for which she took no obligation to repay, which she gave to her husband to use as he liked, "as any other wife would do," and which she did not require him to repay or secure, and was not thinking about until he deeded her the land.

Upon a careful review of the record we fail to find any substantial merit in the grounds of the motion for a new trial, and no good purpose could be served by an elaboration of our views upon the several matters presented therein.

*Judgment affirmed. All the Justices concur.*