No. 22.—LOGAN & ATKINSON, plaintiffs in error, *vs.* THE MECHANIC'S BANK, defendant.

[1.] Where a plaintiff institutes different suits upon separate and distinct notes or demands, which are all due, against the same defendant, and which may be joined in the same action, and such defendant or his counsel, will make it satisfactorily appear to the Court, that *the defence* to all the notes or demands, is the same, or that there is *no defence* thereto: then, the plaintiff may be compelled to consolidate them into one action, for the purpose of avoiding unnecessary costs to the defendant; but where nothing was shewn to the Court in regard to the defence of the several notes sued on in different actions, the motion to consolidate was refused.

Motion, in Bibb Superior Court. Heard and decided by Judge POWERS. November Term, 1852.

The Mechanics' Bank commenced four actions of assumpsit against Logan & Atkinson on four several bills of exchange, drawn at different times, on Messrs. Hardeman & Hamilton, and by them endorsed and transferred to the plaintiff.

At the Judgment Term, counsel for defendants moved the Court to consolidate the said actions, on the ground that the debts all belonged to the same plaintiff, and were all due when the first action was commenced.

The Court overruled the motion, and this decision is brougnt up for review.

S. T. BAILEY, for plaintiff in error.

GRESHAM, for defendants in error.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] This was a motion to consolidate the several suits into one, which were brought by the plaintiff against the same defendants, on the ground that the several demands sued on belonged to the same plaintiff, and were all due when the first action was commenced.   The Court refused the motion, on the ground that it did not appear that the cause of action in each declaration was the same, of the same date, and for the same consideration.

The Common Law rule of practice in Great Britain, where special pleading is allowed, undoubtedly is, that when the same plea may be pleaded, and the same judgment given on all the counts; or when the counts are of the same nature, and the same judgment may be given on them all, though the pleas may be different, the several actions will be consolidated into one.   1 *Chitty's Pleading*, 196–7.   In this State, special pleading is not allowed in Common Law cases.   *Prince,* 442.   In England, a special issue might be formed on each count in the declaration, and a special verdict found thereon. Under our practice, each case is carried to the Jury and tried upon the petition, process, and answer, and a general verdict found upon all the counts contained in the declaration. So that, if the different causes of action might be joined under the English rule, and the defendant should have separate and distinct grounds of defence, to each cause of action so joined in the same declaration, it would embarrass him very much in making that defence, under our practice.   For example, the plaintiff holds four promissory notes made by the defendant for different amounts, and at different times, but

all due at the same time; he institutes suit thereon in one declaration; in other words, he consolidates them in one action, and the defence to one is, that it was given for a negro which was unsound. The defence to another is, that it was given for a tract of land, from the possession of which, the defendant has been *evicted.* The defence to the third is, that it was given to compound a felony; and to the fourth, that it was given for a gaming consideration. Now, if the plaintiff is compelled to consolidate all the notes into one action, he will always do so, and the defendant will necessarily be compelled to prepare his evidence, and go to trial upon the several issues made by his several defences. But, suppose there is no defence to two of the notes sued on, is the plaintiff to be delayed until the final verdict upon the notes litigated? The rule in such cases best adapted to our circumstances and system of practice is, that when the plaintiff institutes different suits upon separate and distinct notes or demands, which are all due, and may be joined in the same action against the same defendant, and such defendant or his counsel, will make it satisfactorily appear to the Court, that the defence to all the notes, or demands, is the same, or that there is no defence to them, then the plaintiff may be compelled to consolidate them into one action, for the purpose of avoiding unnecessary costs to the defendant. No such facts in regard to the defence, being made to appear to the Court below in this case, the motion to consolidate was properly overruled. See *Thompson vs. Shepherd,* 9 *John. Rep.* 262.

Let the judgment of the Court below be affirmed.