## KIRKPATRICK *v.* HOLLAND.

"Equity seeks always to do complete justice; and having the parties before the court rightfully, it will proceed to give full relief to all parties in reference to the subject-matter of the suit, provided the court has jurisdiction for that purpose." *Markham* v. *Huff*, 72 *Ga.* 874. Applying this principle to the facts as alleged in the petition in the instant case, the plaintiff should have been allowed to maintain the action, and it should not have been dismissed upon general demurrer.

No. 1008.    FEBRUARY 12, 1919.

Equitable petition.    Before Judge Bell.    Fulton superior court. May 20, 1918.

Kirkpatrick brought his petition against Holland, who filed a demurrer, which demurrer the court sustained, and dismissed the

action. To this order the plaintiff excepted. The petitioner showed that the defendant had filed suit against petitioner in the municipal court of Atlanta, to recover the sum of $390, with interest, which defendant claimed to have paid petitioner under a contract of sale of certain land; that petitioner demurred to that suit, and answered, denying liability; that the demurrer to that suit was overruled; that on the trial judgment was rendered in favor of petitioner; and that a new trial was granted, and the case was in order for trial again in the municipal court. It is further alleged that the petitioner holds purchase-money notes against the defendant, in the principal sum of $710, growing out of the same contract set up by the defendant in his suit in the municipal court; that it is the right of petitioner to file a cross-action in the municipal court and recover upon said notes in the same action brought against him by the defendant, but that on account of the limited jurisdiction of the municipal court, which does not exceed $500 in amount, petitioner can not file his cross-action upon the notes; and that in order to obtain full relief it is necessary for him to invoke the aid of a court of equity, procure a restraining order against the prosecution of the suit in the municipal court, and have all the issues between the parties adjudicated in the equitable proceeding.

*Green, Tilson & McKinney,* for plaintiff.

*Burress & Dillard,* for defendant.

BECK, P. J. (After stating the foregoing facts.) We are of the opinion that the court erred in sustaining the general demurrer in this case. Holland, the plaintiff in the pending suit in the municipal court, had sued Kirkpatrick to recover certain payments made upon the purchase-price of a lot of land. He claimed in that suit that the vendor, Kirkpatrick, could not comply with his undertaking in the bond for title, relating to the laying of certain sidewalks and the improvement of the street, and the laying of certain mains and sewers without cost to the purchaser; that he was therefore entitled to recover the money which had been paid on the purchase; and that the bond for title had been tendered back to Kirkpatrick, accompanied with the demand that Kirkpatrick return to Holland the unpaid notes for the purchase-money. If the case in the municipal court should be tried and gained by Kirkpatrick, he would still have to bring another suit

in a court having jurisdiction of the amount, to enforce a demand against the defendant. The petitioner's claim, that the defendant is indebted to him $710 upon the promissory notes, and the issue made by the suit against the present plaintiff in the municipal court, can all be adjudicated in this one case when the defendant, Holland, shall have filed his answer and raised the issues of fact which he seeks to have adjudicated in the suit in the municipal court. And this full and complete relief can be afforded to both of these parties in the one action. Why have two trials, when one in the superior court will end the entire controversy between these litigants; especially where the demands of each grow out of the same transaction? *Lewis* v. *State,* 33 *Ga.* 131; *National Bank of Athens* v. *Carlton,* 96 *Ga.* 469 (3), 473 (23 S. E. 388).

<div align="right">

*Judgment reversed. All the Justices concur.*