## REDWINE *v.* CARR & COMPANY; *et vice versa.*

HILL, J. 1. The petition set out a cause of action, and the court erred in sustaining the general demurrer. *Kirkpatrick* v. *Holland,* 148 *Ga.* 708.

2. It does not appear from the face of the petition that the plaintiff was guilty of such laches as that he was barred of recovery.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur.*

Nos. 5729, 5731. JULY 30, 1927.

Equitable petition. Before Judge Howard. Fulton superior court. October 15, 1926.

On September 24, 1926, A. J. Redwine filed a petition in the

Injunctions, 32 C. J. p. 70, n. 47; p. 87, n. 7; p. 319, n. 31; p. 341, n. 3.

superior court against H. J. Carr & Company, a corporation, alleging as follows: On April 27, 1926, plaintiff instituted his action against the defendant in the superior court for the sum of $2000; the action was based upon plaintiff's claim for damages to his automobile, for the loss of services of his wife by reason of personal injuries, and for doctors' bills; a copy of the suit was attached to the equitable petition. On April 29, 1926, the defendant instituted a suit in the municipal court of Atlanta against the plaintiff, for the sum of $318.88. Both the claim of plaintiff and that of the defendant grew out of a collision between a truck of the defendant and an automobile of the plaintiff. Plaintiff's suit was filed first, and is pending. He can not set up in the municipal court his entire claim against the defendant for the loss of services of his wife; and he is informed and believes that the defendant, realizing this fact, instituted his suit in the municipal court in order to have the same adjudicated prior to the trial of plaintiff's claim, and in order to prevent plaintiff from recovering his claim for the loss of services of his wife. It is alleged that full and complete relief can be afforded to both parties in the action pending in the superior court, which will end the entire controversy between plaintiff and defendant, and the demands growing out of the same transaction. Plaintiff prays that defendant be required to come into the superior court and fully answer, setting up its entire claim against the plaintiff; that defendant be restrained and enjoined from proceeding with its action in the municipal court; and that it be required to try the issue in the superior court alone. Plaintiff amended his petition by adding after the figures "$318.88" the words, "to which defendant filed answer of general denial in the municipal court." A copy of the suit in the municipal court was attached to the plaintiff's equitable petition.

The defendant demurred on the following grounds: (1) The petition does not state a cause of action. (2) It is insufficient in law and in equity. (3) It does not show any legal or equitable ground for the relief sought therein. (4) There is no equity shown in the petition, because of the laches therein disclosed. The court passed the following order: "Being of the opinion that the petition in the above-stated case sets forth a cause of action and alleges facts on which the injunction should be granted and the equitable relief allowed as prayed, but for the laches of plaintiff

in filing said petition and praying for the relief sought, the demurrer is overruled on all the other grounds and sustained only upon the ground of the laches shown in said petittion." To this judgment the plaintiff excepted. The defendant by cross-bill excepted to the order, "in so far as it failed to sustain the demurrer on all the grounds set out therein."

*Hewlett & Dennis* and *E. W. Fountain,* for plaintiff.

*Underwood & Haas* and *E. Smyth Gambrell,* for defendants.