## SMITH *v.* WOOD.

No. 6575. JANUARY 15, 1929.

*Shelfer & Dunaway* and *Bryan & Middlebrooks,* for plaintiff in error.

*Hewlett & Dennis* and *Lindley W. Camp,* contra.

BECK, P. J. L. L. Smith filed suit in the municipal court of Atlanta against G. C. Wood, on a claim for damage to property arising out of an automobile collision. Ten days later Wood filed a suit against Smith in Fulton superior court, seeking in one count to recover for both personal injury and property damage on claims which arose out of the same collision, and praying that Smith's suit in the municipal court for property damage be restrained and enjoined, and that Smith be required to set up his claim for property damage as a counter-claim to Wood's suit in the superior court. Upon this petition the court granted a temporary restraining order, and when the case came on for a hearing Smith filed a demurrer to Wood's petition on two grounds: (1)

That the claim for property damage and the order restraining and enjoining the suit instituted by Smith against Wood in the municipal court of Atlanta for property damage should be dismissed, because Wood's petition alleges no facts that could be the basis of equitable relief, and shows on its face that Wood has an adequate remedy at law, and that Wood's claim for property damage can be fully and adequately set up in the case pending in the municipal court of Atlanta without prejudice to the rights of Wood as to his separate claim for personal injury. (2) For misjoinder of causes of action, because Wood joined his claim for personal injury to himself in the same count with his claim for property damage to his automobile. On March 17, 1928, the judge of the superior court passed an order overruling paragraph 1 of the demurrer, and sustaining the second paragraph thereof, with fifteen days leave to amend. To the order overruling the first ground of demurrer, and allowing leave to amend as to the second ground, Smith excepted.

The court did not err in overruling the general demurrer. The claim for damages of Wood and the claim of Smith against Wood for damages to property, for the recovery of which suit was filed in the municipal court of Atlanta, arose out of the same collision. The general demurrer to the petition is based upon the theory that Wood could maintain a suit for injury to his automobile, in the municipal court, and maintain a suit at law in the superior court for the personal injuries alleged to have been received in the collision. This contention of the demurrant finds support in the decision of the case of *Endsley* v. *Georgia Railway &c. Co.*, 37 *Ga. App.* 439 (140 S. E. 386), where it was said: "Where one sustains an injury to his person and also damage to his property from the same act or acts of negligence of another, two distinct causes of action arise in favor of the person so aggrieved, and a recovery for the damage to his property is not a bar to a subsequent action for the injury to his person." That case was brought to this court for review by writ of certiorari, and this court stated a different doctrine, holding, that, "Where injuries to the person and the physical property of an injured party grow out of a single wrongful or negligent act, the tort to the person and property constitutes a single cause of action which should be presented for determination in a single suit." 167 *Ga.* 439 (145 S. E. 851). Under that

rule, Wood could not have set off his claim for damages nor recovered judgment for the excess in case he showed his damage exceeded that of Smith, the plaintiff in the suit in the municipal court; nor could he have recovered for his personal injuries in the latter court upon evidence showing that his personal injuries were the result of the negligent acts of the driver of Smith's car, and that he was entitled to recover therefor, as that court did not have jurisdiction of a suit for personal injuries. Consequently the plaintiff in the equity petition did not have a complete and adequate remedy at law, and could therefore maintain his suit in equity upon the grounds and for the purposes stated in the petition. This ruling follows from other decisions made by this court wherein a similar question was presented.

The facts in the case of *Redwine* v. *Carr*, 164 *Ga.* 592 (139 S. E. 1), were substantially as follows: On September 24, 1926, Redwine filed a petition in the superior court against Carr & Company, a corporation, alleging as follows: On April 27, 1926, plaintiff instituted his action against the defendant in the superior court for the sum of $2,000; the action was based upon plaintiff's claim for damages to his automobile, for the loss of services of his wife by reason of personal injuries, and for doctor's bills; a copy of the suit was attached to the equitable petition. On April 29, 1926, the defendant instituted a suit in the municipal court of Atlanta against the plaintiff, for the sum of $318.88. Both the claim of plaintiff and that of the defendant grew out of a collision between a truck of the defendant and an automobile of the plaintiff. Plaintiff's suit was filed first, and was pending. He could not set up in the municipal court his entire claim against the defendant for the loss of services of his wife; and he was informed and believed that the defendant, realizing this fact, instituted the suit in the municipal court in order to have the same adjudicated prior to the trial of plaintiff's claim, and in order to prevent plaintiff from recovering his claim for the loss of services of his wife. It was alleged that full and complete relief could be afforded to both parties in the action pending in the superior court, which would end the entire controversy between plaintiff and defendant, and the demands growing out of the same transaction. Plaintiff prayed that defendant be required to come into the superior court and fully answer, setting up its entire claim against the plaintiff; that defendant be

restrained and enjoined from proceeding with its action in the municipal court; and that it be required to try the issue in the superior court alone. Plaintiff amended his petition by adding, after the figures $318.88, the words, "to which defendant filed answer of general denial in the municipal court." A copy of the suit in the municipal court was attached to the plaintiff's equitable petition. This petition was demurred to on the grounds that it did not state a cause of action and did not show any legal or equitable ground for the relief sought; and that the defendant had been guilty of such laches as that his right of recovery was barred. The trial court overruled all the grounds of demurrer, except that based upon the laches of the plaintiff; and when the case was brought to this court for review it was held: "The petition set out a cause of action, and the court erred in sustaining the general demurrer. *Kirkpatrick* v. *Holland*, 148 *Ga.* 708 (98 S. E. 265). It does not appear from the face of the petition that the plaintiff was guilty of such laches as that he was barred of recovery;" and the judgment of the court below was reversed. Under the ruling in the case last cited and that quoted from the decision in the case of *Georgia Railway & Power Co.* v. *Endsley,* supra, the court did not err in overruling the general demurrer.

While the court should also have overruled the second ground of the demurrer, raising the point that petitioner could not join his claim for personal injuries to himself in the same count with a claim for property damage to his automobile, this was not excepted to by the plaintiff in the case, and it afforded the defendant no ground for exception.

*Judgment affirmed. All the Justices concur.*