No. 9160.   FEBRUARY 28, 1933.

GULLETT GIN COMPANY *v.* HICKS, administrator.

No. 8974. FEBRUARY 18, 1933.

*C. C. Crockett,* for plaintiff in error.

*L. L. Porter, R. G. Hicks,* and *J. S. Adams,* contra.

RUSSELL, C. J. ■ The defendant filed general and special demurrers to the petition. The general demurrer, in three separate ways, alleged in effect that the petition failed to set out any cause of action. The special demurrer was addressed to several points. The most serious was that relating to the consolidation of the three suits in the city court of Dublin into one action, as the defendant in these cases was endeavoring to do by the equitable petition in the superior court of Laurens County. The jurisdiction of a court of equity to consolidate cases in order to avoid a multiplicity of suits is extremely broad. Causes may be joined when all the parties actually interested, no matter how they may be denominated, have a common interest in the res or subject of the litigation. In the case at bar the Gullett Gin Company was the creditor of the named debtors, no matter how they might be denominated, and, as alleged in the petition, the debtor or debtors, as the case might be, was but one individual, Hicks. It might be that upon the trial Hicks would be unable, by competent evidence, to show that he had become lawfully substituted for the Laurens Cotton Company so as to represent it in his individual capacity as owner of all its property, or to show that the Laurens Cotton Company, by abandonment or otherwise, had been divested of its corporate rights. But by demurrer the defendant admitted, for the purposes of general demurrer, facts sufficient to show that all the property belonging to the corporation had been sold to Hicks, and sufficient facts to authorize a finding that the stockholders of the corporation had abandoned their charter, and that the corporation had ceased to function for twelve years or

more. For this reason, we are of the opinion that the court did not err in overruling the demurrer which attempted to set up that the Laurens Cotton Company and Hicks were separate and distinct, so that the separate actions against each of them respectively could not be consolidated. Under well-settled equitable rules, the court did not err in ordering a consolidation by which the suits pending in the city court relating to the same indebtedness were merged into the equitable cause, so that all the issues could be disposed of in the same action.

■ General demurrer 4 extended to and included two allegations made as a foundation for a recovery of damages for loss of ginning trade, and for a probable profit in the handling of cottonseed, by way of recoupment or set-off. This was cured by amendments striking the items just stated. The court did not err in retaining in the petition the other matters pleaded as set-off, consisting of a gin which was totally burned, eight gin-breasts which were worthless, certain gin-saws ruined, amounts expended by plaintiff in endeavoring to have the gin-breasts repaired, and cotton burned by fire caused by the defective breasts, and the abatement claimed in the purchase-price of a gin which was worthless.

■ By a number of amendments allowed by the court, portions of the petition which were not germane to the action were stricken, removing matters which were really harmful. Some of the grounds of special demurrer are not sufficiently definite to be available as a means of requiring amendment, these grounds being themselves subject to demurrer; and though two of them should properly have been sustained, it does not appear from the final result of the trial that the plaintiff in error suffered injury.

■ The rulings on demurrers referred to above fixed the law of the case; and there being no conflict in the testimony adduced to the effect that by nonuser of its charter and the purchase of its assets the Laurens Cotton Company had ceased to exist as anything more than a trade-name for T. B. Hicks, the court did not err in instructing the jury "that the only party, as a matter of law, is T. B. Hicks on the one hand and Gullett Gin Company on the other."

■ The court did not err in admitting the testimony of Hicks, that the main damage caused by the defective machinery was the drawing of his trade away, as his customers were afraid of it burning up their cotton, merely as a part of the history of the case and

as a circumstance as to the defectiveness of the machinery; the court stating at the time that Hicks could not recover damages for the trade that might have been driven off. Moreover, the plaintiff had stricken the portion of the petition as to the driving away of trade, in response to the defendant's demurrers.

■ The court did not err in permitting the plaintiff to testify "that fire which he claimed was caused by the type of gin-breasts furnished him caused his gin-press to burn to the amount of $400, and fire and friction also caused him to lose 560 saws of a valuation of 60 cents each," over the objection that the damages were speculative and too remote as a basis for recovery, and were not such as could have been in the contemplation of the parties when the sale of the gin-breasts was made.

■ The court did not err in permitting the plaintiff to testify that fire which originated in his gin, which he claimed was caused by the improper type of gin-breasts sold him by the Gullett Gin Company, burned cotton worth $150, and that he sought to offset this against the claims of the movant.

■ In the absence of a timely written request for instruction, the court did not err in failing to charge the jury "the law relating to" a certain warranty included in a written order for machinery given to the gin company prior to the delivery of such machinery. The assignment of error, "that the court should have charged the jury the law relating to this warranty without any request on the part of movant, as it was a material question before the jury; and that the court should have gone further under the evidence and instructed the jury that since the purchaser had not complied with the requirements on his part as contained in his contract of purchase, he could not plead an abatement of the purchase-price of the gin machinery or partial or total failure of consideration as to this machinery," is without merit.

■ A timely proper written request is necessary to invoke specific instructions on a point as to which the instructions given by the court are correct as far as they go, so as to require the court to divide the general question into particular parts, where some of the items of an account may in the circumstances be recoverable and other portions thereof not recoverable. It is error, even without request, for the court to fail to give in charge to the jury the law as to each genus of the principle involved in a case; but to require the

court to apply the law to all of the species included in a genus requires a written request.

■ The evidence authorized the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*