KIDD *v.* FINCH *et al.*

No. 12799. JULY 14, 1939.

494

*Allen & Hogg,* for plaintiff.

*John I. Kelley, Neely, Marshall & Greene, E. A. Neely Jr., Walter C. Hendrix, E. H. Sheals,* and *W. S. Northcutt,* for defendants.

BELL, Justice. (After stating the foregoing facts.)

There is no merit in the motion to dismiss the writ of error. The several grounds thereof present in different forms but one substantial question; that is, whether the defendant Kidd, in proceeding to trial upon his cross-action against Finch alone, after its dismissal as to Johnson and McGill, should be held to have abandoned the suit against the two last named, with the result that the exception to such ruling should be treated as presenting no existing

controversy for determination. Compare *Poole* v. *Southern Railway Co., 34 Ga. App.* 290 (129 S. E. 297) ; *Walker* v. *Central of Georgia Railway Co., 47 Ga. App.* 240 (170 S. E. 258). The principle invoked has no application here, for the reason that the complainant in the cross-action was a defendant in the main suit, and hence could not control its progress. As to that, the plaintiff· Finch was the engineer in charge, and the defendant Kidd had no election except to proceed with the trial as pressed by the plaintiff. Being the defendant, he could not stop the proceeding, nor could he have brought the case to the Supreme Court until after final judgment on the main petition. *Knights of the Ku Klux Klan* v. *Terrell,* 155 *Ga.* 374 (116 S. E. 793) ; *Bellinger* v. *Eblin,* 158 *Ga.* 657 (124 S. E. 137) ; *Byrd* v. *Equitable Life Assurance Society,* 184 *Ga.* 178 (190 S. E. 584). It follows that the motion to dismiss the writ of error must be overruled.

One of the briefs contains a suggestion that this is not an equity case, and that the Court of Appeals, instead of the Supreme Court, has jurisdiction. As will be demonstrated in the next division of this opinion, the case was properly brought to this court as an equity case.

■ Did the court err in sustaining the demurrer of the defendants Johnson and McGill, assailing the cross-action as filed by their codefendant, Kidd? We think so. This defendant had filed in the municipal court of Atlanta an action against Finch and Johnson, to recover damages for injury to his automobile. The present suit was afterwards instituted by Finch in Fulton superior court, to recover a judgment against Kidd and the two others, for damage to his automobile and for personal injuries alleged to have been sustained by him. The plaintiff also invoked the equitable jurisdiction of the court for the purpose of obtaining an injunction to restrain further prosecution of the suit in the municipal court. Since the municipal court did not have jurisdiction to consider the plaintiff's claim for personal injuries, he could not in that court have prosecuted this claim, by cross-action or otherwise, and was therefore entitled to proceed as he did in the superior court, for the dual purpose stated. *Smith* v. *Wood,* 167 *Ga.* 630 (146 S. E. 441). "Equity seeks always to do complete justice; and hence, having the parties before the court rightfully, it will proceed to give full relief to all parties in reference to· the

subject-matter of the suit, provided the court has jurisdiction for that purpose." Code, § 37-105. The petition did not embrace two separate actions, one in equity and one at law, but the entire controversy presented thereby constituted a single case in equity. "Where a court of equity obtains jurisdiction for one purpose, it will retain it until full and satisfactory justice is rendered to all parties concerned." *McDonald* v. *Davis,* 43 *Ga.* 356; *Allen* v. *Elder,* 76 *Ga.* 674 (2-c); *Ray* v. *Home & Foreign Investment & Agency Co.,* 106 *Ga.* 492 (4) (32 S. E. 603); *Egan* v. *Conway,* 115 *Ga.* 130 (3) (41 S. E. 493); *Jenkins* v. *Flournoy,* 157 *Ga.* 618 (122 S. E. 309); *Citizens & Southern National Bank* v. *Fleming,* 181 *Ga.* 116 (3) (181 S. E. 849). Although at some later stage the case might be converted into an action at law by elimination of all questions dependent upon equitable jurisdiction, this branch of the court's jurisdiction continued to be active at least for determination of whether the cross-action was maintainable as against the parties demurring thereto. *Harrell* v. *Parker,* 186 *Ga.* 760 (198 S. E. 776).

"A petition in the nature of a cross-bill need not be filed. The defendant in every case may set up in his answer any matter which, under the English practice, should be the subject of a cross-bill, and may require therein any discovery from the petitioner he may desire. If new parties are necessary, by reason of any matter thus set up in the answer, the court shall give such direction to the cause, to secure a hearing to such parties, as if a petition in the nature of a cross-bill had been filed." Code, § 81-106. This section was codified from an act approved December 22, 1857, which applied by its terms to equity cases only. Ga. L. 1857, p. 107. Whether or not under other statutes such a cross-action could have been sustained in a pure action at law, the proceeding was clearly maintainable in the instant *equity* case. *Ray* v. *Home & Foreign Investment &c. Co.,* supra; *Johnson* v. *Stancliff,* 113 *Ga.* 886 (39 S. E. 296); *McCall* v. *Fry,* 120 *Ga.* 661 (48 S. E. 200); *Reaves* v. *Meredeth,* 120 *Ga.* 727 (3) (48 S. E. 199); *Verginadis* v. *Atlanta Milling Co.,* 173 *Ga.* 626 (160 S. E. 800); *Hamilton* v. *First National Bank of Rome,* 180 *Ga.* 820 (180 S. E. 840); *Winn* v. *Armour & Co.,* 184 *Ga.* 769 (193 S. E. 447); 21 C. J. 505, § 607; 10 R. C. L. 483-7, §§ 261-264. The case being one in equity, and the cross-action being in the nature of a joint suit by the

defendant Kidd to recover a judgment against the plaintiff Finch, and the defendants Johnson and McGill, for alleged concurring negligence of the three last named, in the same transaction, it was the right of the complainant to prosecute the cross-action against all of those who were thus sued; and the court erred in sustaining the demurrer of Johnson and McGill on the sole ground that as to them the cross-action was not maintainable. The judgment on demurrer was such as to leave a different action from that presented by the cross-petition, and constituted valid ground for exception. *McGaughey* v. *Latham,* 63 *Ga.* 67 (2) ; *Kollock* v. *Webb,* 113 *Ga.* 762 (39 S. E. 339) ; *Johnson* v. *Motor Contract Co.,* 186 *Ga.* 466 (198 S. E. 59) ; *Smith* v. *Atlanta Enterprises Inc.,* 46 *Ga. App.* 760 (169 S. E. 243).

■   As a result of the ruling on demurrer, the defendants Johnson and McGill were eliminated from the cross-action. As stated above, the case then proceeded to trial only as between the plaintiff Finch and the defendant Kidd, so far as the cross-action was concerned, and terminated in a verdict and judgment in favor of the former as to that proceeding. It is insisted by Finch that even if the ruling on demurrer should be reversed as to the demurrants, this should not affect the verdict and judgment in his favor. We can not sustain this contention, so far as it applies to the cross-action. It is immaterial that the error may not have been induced by any action on the part of Finch, and that the *subsequent* trial may have been entirely fair as between the parties thereto. While a party may not take advantage of an error invited by him, it does not follow that he is protected from an error committed by the court against another, even though he had no causal connection with it. The error in sustaining the demurrer and dismissing the action as to the demurrants rendered the further proceedings nugatory, so far as related to the cross-action, and to that extent requires a reversal as to all of the defendants in error. This ruling, however, will not affect the verdict and judgment, as rendered on the main petition and the answers thereto, in favor of Finch and against Johnson and McGill. To hold otherwise would result in allowing these two defendants to profit by an error induced by them; and this should not be permitted. Furthermore, only Kidd is plaintiff in error in the instant bill of exceptions, and he could not become the champion of any rights except his own.

■

498

*Judgment affirmed in part and reversed in part. All the Justices concur.*