OTIS *v.* GRAHAM PAPER COMPANY *et al.*

No. 12923. SEPTEMBER 16, 1939.

*Y. C. Mitchell, John A. Dunaway,* and *Bryan, Middlebrooks & Carter,* for plaintiff in error.

*W. Neal Baird, Neely, Marshall & Greene,* contra.

REID, Chief Justice. Automobiles operated by Charles Otis and Ralph T. Cheeves were involved in a collision. Otis filed suit in the municipal court of Atlanta, Fulton section (now civil court of

Fulton County, and hereinafter referred to as such), against Knight Brothers Paper Company and Cheeves, seeking to recover damages for injury to his automobile. It was alleged that Cheeves was the agent of Knight Brothers Paper Company, and at the time of the collision was in the prosecution and within the scope of his duties as such agent. Thereafter Cheeves filed in the superior court of Fulton County the present suit against Otis and Graham Paper Company, seeking to recover damages for personal injuries which he alleged were received in the same collision in which Otis in his suit in the civil court claimed his automobile was damaged. It is alleged, that Otis was the agent of Graham Paper Company and at the time of the collision was in the prosecution and within the scope of his duties as such agent; that Otis was guilty of certain described acts of negligence in the operation of his automobile, which acts were the sole proximate cause of the collision; that the civil court of Fulton County is a court of limited jurisdiction, with authority to entertain actions for property damage, but without authority to entertain actions for personal injuries; "that since said court is without jurisdiction to try and give judgment in favor of your petitioner for the personal injuries sustained by him in said transaction, and as your petitioner has no plain adequate remedy at law, on account of such want of jurisdiction on the part of said court, it is necessary that a court of equity intervene and temporarily restrain and permanently enjoin said proceeding now pending in said municipal court in so far as that case relates to this petitioner, and require the said Charles Otis to set up his claim in this suit, so that full redress may be had by all parties hereto in a court of competent jurisdiction." It was prayed that the plaintiff have judgment for said personal injuries, and that further prosecution of said suit in the civil court be enjoined. A temporary restraining order was issued. At interlocutory hearing the court overruled a demurrer filed by Otis, and granted an injunction as prayed. The present writ of error calls into question the correctness of these rulings.

The demurrer, so far as material here, was as follows: "Paragraphs fifteen and sixteen and subparagraphs two, three, four, and five of the prayer should be stricken, for the reason that the allegations therein are irrelevant and immaterial, because this court has no authority to entertain a petition for nor to grant the relief

prayed in such paragraphs and subparagraphs, because in them plaintiff seeks equitable relief and injunction against this defendant, when the petition shows that he is a resident of DeKalb County, Georgia, and that no equitable relief is sought against the other defendant, who is a resident of this county. Said paragraphs and subparagraphs should be stricken for the further reason that the plaintiff has an adequate remedy at law. Said paragraphs and subparagraphs should be stricken for the further reason that the petition as a whole, and those paragraphs and subparagraphs particularly, do not set out any ground for the said equitable relief against this defendant, for the reason that he can not be deprived of his right to pursue his suit against both the plaintiff and plaintiff's principal, which is already pending in the civil court of Fulton County, Georgia."

The first paragraph of the demurrer is not argued in this court, and may be treated as abandoned. See *Moore* v. *Medlock,* 101 *Ga.* 94 (28 'S. E. 836). "Equity, by writ of injunction, may restrain proceedings in another or the same court, or a threatened or existing tort, or any other act of a private individual or corporation which is illegal or contrary to equity and good conscience and for which no adequate remedy is provided by law." Code, § 55-101. "Equity will not enjoin the proceedings and processes of a court of law, unless there shall be some intervening equity or other proper defense of which the party, without fault on his part, can not avail himself at law. . ." § 55-103. In *Kirkpatrick* v. *Holland,* 148 *Ga.* 708 (98 S. E. 265), Holland filed suit against Kirkpatrick in the municipal court of Atlanta, to recover $390, which he claimed to have paid Kirkpatrick under a contract of sale of certain land. Holland claimed that Kirkpatrick, the vendor, could not comply with his undertakings in the bond for title, and that for this reason he was entitled to recover the $390 which he had paid on the purchase-price. Kirkpatrick filed suit against Holland in the superior court, alleging that he held purchase-money notes against defendant, growing out of the same contract set up by defendant in his suit in the municipal court; that he had the right to have his claim adjudicated in the same action filed by defendant in the municipal court, but that on account of the limited jurisdiction of the municipal court, which could not entertain claims in excess of $500, he could not file a cross-action on said notes to the

defendant's suit; and that in order to obtain full relief it was necessary for him to invoke the aid of a court of equity, procure a restraining order against the prosecution of the suit in the municipal court, and have all the issues between the parties adjudicated in the equitable proceeding. The trial court sustained a demurrer to this petition, and that judgment was reversed. This court pointed out that full and complete relief could be afforded both parties in one action in the superior court, which could not be done in the municipal court. It was said: "Why have two trials, when one in the superior court will end the entire controversy between these litigants; especially where the demands of each grow out of the same transaction?" The headnote of the decision in *Smith* v. *Wood,* 167 *Ga.* 630 (146 S. E. 441), is as follows: "Smith filed suit in the municipal court of Atlanta against Wood, on a claim for damages to property arising out of an automobile collision. Ten days later Wood filed a suit against Smith in Fulton superior court, seeking in one count to recover for both personal injury and property damage on claims which arose out of the same collision, and praying that Smith's suit in the municipal court for property damage be restrained and enjoined, and that Smith be required to set up his claim for property damage as a counter-claim to Wood's suit in the superior court. *Held,* that the court did not err in overruling a general demurrer to Wood's petition." See *Massachusetts Bonding & Insurance Co.* v. *Lowenstein Investment Co.,* 152 *Ga.* 299 (109 S. E. 902). The claims of the parties in the present case arose out of the same collision. The claim of Otis is for property damage to his automobile, for which he brought suit in the civil court of Fulton County. The claim of Cheeves is for personal injuries. Due to the fact that the civil court of Fulton County is a court of limited jurisdiction and has no authority to entertain an action for personal injuries, Cheeves could not set up his claim for personal injuries by way of cross-action to the suit brought by Otis in the civil court. In such case, under the rulings of the above-cited cases, it was the undoubted right of Cheeves to bring suit in the superior court to recover damages for his personal injuries, and to have the prosecution of the suit in the civil court enjoined, and require that the whole controversy between the parties be adjudicated in that action.

Counsel for plaintiff in error points out that in each of the above-

cited cases, the party seeking the injunction was in fact the sole defendant in the suit it was sought to enjoin, and contends that for this reason those cases have no application here, since in the present case the action in the civil court was brought jointly against the plaintiff and another person as joint tort-feasors. It is argued "that in this situation it is not possible to do complete justice in the same transaction, for the reason that if the relief sought by the plaintiff were granted, this defendant would have to prosecute the suit now pending in the municipal court against one defendant, and this present suit in the superior court against the other defendant, who is the plaintiff in this case. Therefore, if the injunction were granted in this case, it would not obviate the necessity for two separate trials, and would be doing an inequity and injustice to the plaintiff in the municipal-court case." The fault of this argument, as we view it, lies in the fact that, should the relief prayed be granted, it would not be necessary that the defendant press his claims separately against the plaintiff and his employer, Knight Brothers Paper Company. "When a court of equity acquires jurisdiction for one purpose, it will retain it until full and satisfactory justice is rendered to all the parties concerned." *Walker* v. *Morris,* 14 *Ga.* 323; *McDonald* v. *Davis,* 43 *Ga.* 356, 357; *Kidd* v. *Finch,* 188 *Ga.* 492 (4 S. E. 2d, 187). "A petition in the nature of a cross-bill need not be filed. The defendant in every case may set up in his answer any matter which, under the English practice, should be the subject of a cross-bill, and may require therein any discovery from the petitioner he may desire. If new parties are necessary, by reason of any matter thus set up in the answer, the court shall give such direction to the cause, to secure a hearing to such parties, as if a petition in the nature of a cross-bill had been filed." Code, § 81-106. Accordingly, the defendant may file his cross-action against the plaintiff in the suit in the superior court; and if he so desires, he may make Knight Brothers Paper Company, plaintiff's codefendant in the civil court, a party defendant thereto in the superior court. *Kidd* v. *Finch,* supra. Thus, should the relief prayed for be granted, the defendant has the opportunity of his own voluntary election to have all of his claims adjudicated in the same action with those of the plaintiff. On the other hand, if the relief is refused, the plaintiff is without remedy in this connection; for he can not elect to try his claim for personal injury in the civil

court. It follows from what we have said that the court did not err in overruling the demurrer and in granting the injunction.

*Judgment affirmed. All the Justices concur.*