SANDERS *v.* WILSON *et al.*

No. 13855.    JANUARY 15, 1942.    REHEARING DENIED FEBRUARY 12, 1942.

394

*Clint W. Hager* and *J. F. Kemp,* for plaintiff in error.

*Bryan, Middlebrooks & Carter, Y. C. Mitchell, T. J. Long, Swift Tyler,* and *W. E. Armistead,* contra.

JENKINS, Justice. Applying the governing rules of law to the facts of this case, while the defendant truck owner asks that the owner of the automobile involved in the collision be made "a party defendant," it does not appear from the allegations of the cross-petition that this is really what is sought, since the cross-petition in the superior court does not ask any sort of recovery against the automobile owner, and prays only that the civil-court action by the automobile owner against himself be enjoined, and that the issue therein made be determined in the superior-court suit by Mrs. Wilson against himself and the driver of the automobile as joint tort-feasors, without including the automobile owner, the driver's husband, as a party defendant. In thus seeking ·in effect to make the automobile owner a joint party plaintiff to Mrs. Wilson's suit in the superior court, in order to enjoin his civil-court action and determine in the superior court the issue made in the civil court, it is not enough merely to show that the two claims

grew out of the same automobile collision, which presents the only common factor. 1 C. J. S. 1278, 1279, § 97(c), and cit. In order to authorize what is in effect a consolidation of cases, there must be a community between the parties plaintiff in the two suits. *Payne* v. *West Point Wholesale Grocery Co.,* 151 *Ga.* 46, 49-51 (105 S. E. 608), and cit.; notes in 40 L. R. A. (N. S.) 464, 35 L. R. A. (N. S.) 491; 20 L. R. A. (N. S.) 848, 850. None such appears. It is true that both seek to show negligence in the operation of the truck at the time of the collision. But what Mrs. Wilson seeks to show is that concurring negligence in the operation of the truck and in the operation of the automobile, or negligence in the operation of either, resulted in her injuries; whereas what the automobile owner seeks to show in his civil-court action is that there was no negligence in the operation of his automobile driven by his wife, but that the collision was brought about solely by the negligent operation of the truck, or that, even if the automobile was operated negligently, such negligence was less than that evidenced in the operation of the truck, in which event the law of comparative damages would obtain. Under such diverse claims and such issues, a consolidation of the two cases would contravene the Code, § 3-110, which provides that "distinct and separate claims of or against different persons shall not be joined in the same action," and "where the damage as well as the interest is several, each party injured shall sue separately." Ordinarily a prerequisite to the consolidation of cases is that the causes be such as could have been joined in one petition. *Benton* v. *Turk,* 188 *Ga.* 710, 730 (4 S. E. 2d, 580). 1 C. J. S. 1353, § 110 (6). Such an unauthorized consolidation of suits in this equity case would, as was said by this court in the equitable proceeding of *Portwood* v. *Huntress,* 113 *Ga.* 815, 819 (39 S. E. 299), "bring about a promiscuous struggle," and would result in no saving or benefit, but on the contrary, would merely cloud and confuse the issues in the two separate and independent controversies." See 1 C. J. S. 1355, § 110(b) ; and as to the general rules of consolidation, pp. 1278, 1279, 1350, 1351 (§§ 97 [c], 110 [3, a]).

This case differs from that of *Kidd* v. *Finch,* 188 *Ga.* 492 (4 S. E. 2d, 187). There all the parties concerned were before the court which effected the consolidation, and there was involved but one single issue of fact and one claim, with its corresponding counter-

claim identical in character. Here the husband of the driver of the automobile, who was its owner, was not made a party defendant in Mrs. Wilson's suit, and his claim for damages to his automobile is different in character, and must be determined on issues other and independent from those raised by Mrs. Wilson in her suit. The provision of the Code, § 3-112, authorizing the consolidation of suits between the same parties involving the same pleas, arising under the same contract, and on which the same verdict may be rendered, has been held applicable to "suits other than those arising ex contractu," but, in order for this to be done, "the issues must be the same." *Ga. R. &c. Co.* v. *Gardner,* 118 *Ga.* 723, 725 (45 S. E. 600); *City of Dalton* v. *Elk Cotton Mills,* 146 *Ga.* 89, 90 (90 S. E. 718). Here, contrary to what was disclosed in the *Kidd* case, the plaintiff in the case sought to be consolidated, as has been stated, was not made a party by Mrs. Wilson in her suit; and while the same collision is involved, the nature and character of the claims are different, and the issues involved are far from being the same. It might be that Mrs. Wilson, had she seen proper, could have joined the automobile owner as a party *defendant,* but she did not see proper so to do; and she can not be thus compelled. *Wall* v. *Wall,* 176 *Ga.* 757 (168 S. E. 893); *Mashburn* v. *Dannenberg,* 117 *Ga.* 567 (13, 14), 582 (44 S. E. 97); *Miller* v. *Straus,* 38 *Ga. App.* 781, 782 (145 S. E. 501), and cit. Under the rules stated, she could not legally have joined him as a coplaintiff, because the claims are different in character; and even if she had made him a party defendant, it would not seem that the truck owner could avail himself of such a procedure on her part, in order to try out a different issue made by another suit, in which she was in no wise concerned, seeking to enforce a claim different in character. This is Mrs. Wilson's lawsuit. Its determination would not control the issues involved in the other cases, or vice versa. It is true that equity seeks to avoid a multiplicity of suits; and "where there is one common right to be established by or against several, and one is asserting the right against many, or many against one, equity will determine the whole matter in one action." Code, § 37-1007. But even though under this rule equity might reach out and bring in as parties persons not already joined (Code, § 37-1005; *Otis* v. *Graham Paper Co.,* 188 *Ga.* 778, 782, 4 S. E. 2d, 824), it will not do so if a misjoinder or multifariousness would

result. Such would be the result if separate claims with different issues would have to be determined.

Where an equity suit is based on some independent ground of equitable jurisdiction, other than or additional to the ground of avoiding a multiplicity of suits, the rules as to the required community of interest of the plaintiffs, and as to the making of new parties to settle all matters in controversy with respect to such independent ground, are more liberally administered than where the suit or a cross-action is based solely on the ground of avoiding multiplicity. But even where an independent equity is involved, claims of plaintiffs, in order to be properly united, must involve the same or similar facts, must be governed by the same legal rule or rules, and present a common defense with a single question or questions in common controlling both cases. Where, however, as in this case, there are two actions at law, brought by separate plaintiffs, to recover damages ex delicto, in which neither party has a joint interest with the other, and a person who is a defendant in both actions at law seeks to convert one of them into an equitable suit on the sole ground of avoiding multiplicity, the rules against multifariousness are more strictly applied. *Payne* v. *West Point Wholesale Grocery Co.*, supra, and cit.; Roanoke Guano Co. v. Saunders, 173 Ala. 347 (56 So. 198, 35 L. R. A. (N. S.) 491, 493-496, with note); Turner v. Mobile, 135 Ala. 73 (33 So. 132); Tribette v. Illinois C. R. Co., 70 Miss. 182 (12 So. 32, 19 L. R. A. 660, 35 Am. St. R. 642, note and cit.); 20 L. R. A. (N. S.) 848-853.

On a review of the decisions and texts, the Indiana court in Vandalia Coal Co. v. Lawson, 43 Ind. App. 226 (87 N. E. 47, 55), with language pertinent to this case, has said: "Many of the later [decisions] show that the number in which equity will assume jurisdiction is increasing; but in allowing this condensation of litigation, courts must look well to the facts and see that a consolidation will not confuse the issues, will not bring so many questions or varied interests into a case that they can not be as well decided as if the cases were tried separately, will not work a practical denial of . . trial by jury. Every man has the right to try his case with its issues clear and well defined. If a consolidation can be had without interfering with this right, it should be granted in a proper case; if it can not be so had, it should be denied."

In the instant case, no saving would be effected, and nothing

except confusion would result from attempting, merely to avoid a multiplicity of actions, to join diverse claims controlled by different issues. Such a joinder would not really amount to a consolidation of the two cases in one trial, but would in effect amount to the trial of two cases at one and the same time.

*Judgment reversed.   All the Justices concur.*