SMITH *v.* DAVIS *et al.*
SMITH *v.* DAVIS.

JENKINS, Presiding Justice. L. E. Smith died on December 7, 1944, having executed two purported wills, one dated December 1, 1944, and the other dated December 5, 1944. That of December 1, 1944, named the widow, Mamie Brack Smith, and John E. Davis executors; the other of December 5, 1944, named Mrs. Smith as the sole executrix. The disposition of the property between the same beneficiaries was materially different in the two instruments. Mrs. Smith as the sole executrix sought to probate the last-mentioned instrument in solemn form on December 20th, and Davis as one of the executors of the first-mentioned instrument sought in like manner to probate that instrument on December 30, 1944. Caveats were filed to both proceedings, and traverses entered thereto. By consent appeals were taken to the Superior Court of Burke County. In the superior court a motion was made by Davis to consolidate and try the two cases together, to which motion Mrs. Smith entered written objections; and, upon the motion being sustained and the objections overruled, she filed exceptions pendente lite. On the trial of the issues made by both proceedings, a verdict was rendered admitting the instrument dated December 1, 1944, to probate in solemn form, and denying probate of the instrument of December 5, 1944. Both cases are before this court by bills of exceptions filed by Mrs. Smith, in the first instance as caveator to the instrument dated December 1, 1944, and in the second instance as propounder of the will dated December 5, 1944, and assigning error on the overruling of her exceptions pendente lite. *Held*:

1. "Suits between the same parties, arising under the same contract, involving the same pleas and upon which the same verdict may be rendered, may be consolidated if the aggregate amount shall not exceed the jurisdiction of the court." Code, § 3-112.

2. The general test, in determining whether cases can be consolidated so as to try the issues together, is whether there is such essential com-

munity of interest between the parties plaintiff in the two suits as would permit them to have been originally joined in the same action, and this depends on whether a misjoinder or multifariousness would have thus resulted. The practice of consolidation is based on the principle of economy by which cases where a community of interest exists between the parties plaintiff in two or more suits can be consolidated in order to prevent trying the same issues twice; but such a procedure is not authorized where contrary claims, raising different issues, would have to be determined. Where such is the case, nothing is to be gained by seeking to try two different cases at one and the same time, with the resulting confusion of issues which such a procedure would entail. Every person has the right to try his case with its own issues clear and well defined. If a consolidation can be had without interfering with this right, it should be granted in a proper case; if it can not be so had, it should be denied. *Sanders* v. *Wilson*, 193 *Ga.* 393 (18 S. E. 2d, 765); *City of Dalton* v. *Elk Cotton Mills*, 146 *Ga.* 89, 91 (90 S. E. 718).

3. It was said by this court in *Hartz* v. *Sobel*, 136 *Ga.* 565, 583 (71 S. E. 995, 38 L. R. A. (N. S.) 797, Ann. Cas. 1912B, 165): "When a will is offered for probate and a caveat filed thereto, the general question is devisavit vel non, and an entirely different will can not be propounded by the caveator in the same proceeding."

4. In accordance with the foregoing principles of law, the propounder of the last purported will should have been permitted to try her case on its own merits or lack of merit, and should not have been compelled in the determination of the one issue in her case, that is will or no will, to become involved in the setting up of another and different instrument. It would seem that, in the trial of this one issue, it would be proper, as a relevant circumstance throwing light on the validity or invalidity of the instrument last executed, for the caveator to show that the deceased, a short time previously, had freely and voluntarily signed another and different instrument, and to this end the caveator could require the production in court of any such previously executed paper, testamentary in character. This was a right recognized under the common law, and in several States the legislative authority has gone even further and changed by statute the rule governing the consolidation of causes, so as to permit a trial in one action of the validity of two or more papers variously claimed to be the last will and testament of the deceased. In Georgia, however, no such change in the general rule governing consolidation of cases has been effected by legislation, and the general rule in such cases must obtain. See 68 C. J. 1038, § 830. The right of a caveator, in meeting the one issue of will or no will, to show, under the particular circumstances and bearing upon the one question, the existence of a previously executed instrument testamentary in character is a wholly different proposition from the one here involved, where the widow in propounding for probate the instrument last signed has been required to try at the same time the validity of the instrument first executed. While the only specific ground of her attack on the first instrument is that it was, *if a will*, superseded by the execution of a subsequent will, she did not thereby

waive the required proof of the inherent validity of the first paper. Accordingly, since the trial of neither case would necessarily fully determine the other case, each of the propounders was entitled to try his own case on its own merits.

(a) The trial judge in passing the order of consolidation doubtless relied upon the dictum of this court in *Roulett* v. *Mulherin*, 100 *Ga.* 591 (2), 594 (28 S. E. 291). There the two cases, seeking to probate different instruments, *had not* been consolidated. This court, in affirming the judgment of the court below refusing to strike the petition for probate of the last purported will on the ground that the first purported will had been probated in solemn form, made the observation that, since a verdict in one case would not necessarily determine the other, "The trial judge might in his discretion pass an order directing that the two cases be consolidated and heard together." No question as to consolidation had been raised in the bill of exceptions, nor did the court direct and require that a future consolidation be effected. The expression was therefore mere dictum (*Pittman* v. *Ingram*, 184 *Ga.* 255, 267, 190 S. E. 794), which to us seems to contravene the settled principles of law governing the consolidation of cases, and specifically contravenes what was said by this court as quoted in the third division of this opinion.

(b) While the right of a judge to consolidate cases is recognized and spoken of as discretionary, his discretion obtains only in such cases where the right to consolidate exists, and he has no discretion to consolidate cases where under the rules of law no right of consolidation does exist.

5. As we see and understand the issues here involved, it appears that the proper procedure would be to try the petition to probate the instrument last executed. If that instrument should be established as the last will of the deceased, this would necessarily adversely foreclose the other petition for probate. If, however, the propounder of the instrument last executed should fail, under all the proven facts and antecedent circumstances, to prove and establish that instrument as the last will and testament of the decedent, then and in that event it would be in order to hear and determine the petition seeking to establish the instrument first executed.

6. The consolidation having been erroneously made over the protest of the propounder of the instrument last executed, all subsequent proceedings in the trial became nugatory.

*Judgments reversed. All the Justices concur.*

Nos. 15388, 15389. FEBRUARY 19, 1946.

*L. P. Strickland* and *Talmadge & Talmadge,* for plaintiff.
*Lewis & Lewis* and *E. M. Price,* for defendants.