WALKER ELECTRICAL COMPANY *et al. v.* WALTON.

No. 15509. September 5, 1946. Rehearing denied October 11, November 15, 1946.

*Powell, Goldstein, Frazer & Murphy,* for plaintiffs.
*Calhoun & Calhoun* and *Herbert Johnson,* for defendant.

HEAD, Justice. (After stating the foregoing facts.) "Where there is one common right to be established by or against several, and one is asserting the right against many, or many against one, equity will determine the whole matter in one action." Code, § 37-1007. This section was taken from the decision of this court in *Smith* v. *Dobbins,* 87 *Ga.* 316 (13 S. E. 496), where the almost identical language of the section was quoted by this court from 1 High on Injunctions, § 12. Section 37-1007 has been construed by this court in numerous decisions. One of the earlier cases, frequently cited, is *White* v. *North Ga. Electric Co.,* 128 *Ga.* 539 (58 S. E. 33), where it was stated: "A petition which embraces two claims by separate

and distinct parties against separate and distinct parties, where there is no common right to be established, is multifarious." It was further held. in *White* v. *North Ga. Electric Co.,* supra (at page 542) : "If there is a common right and the court of equity takes jurisdiction, there is no limit to which the court will not go in order to do complete justice, but where there is no common right, equity will not, for any purpose, entertain a suit wherein *separate and distinct parties with separate and distinct claims* unite against one or more parties. The statutes simply prohibit the joining of such claims in one suit." (Italics ours.) See also *Spinks* v. *LaGrange Banking & Trust Co.,* 160 *Ga.* 705 (129 S. E. 31) ; *Hines* v. *Wilson,* 164 *Ga.* 889 (139 S. E. 802) ; *McCowan* v. *Snook,* 175 *Ga.* 430 (165 S. E. 84) ; *Coppedge* v. *Allen,* 179 *Ga.* 678, 682 (177 S. E. 340) ; *Benton* v. *Turk,* 188 *Ga.* 710, 730 (4 S. E. 2d, 580) ; where this court has further construed "one common right."

The rule quoted in *White* v. *North Ga. Electric Co.,* supra, with reference to the joining of separate claims against different persons, is in accord with the Code, § 3-110, which provides : "Distinct and separate claims of or against different persons shall not be joined in the same action. Where the damage as well as the interest is several, each party injured shall sue separately." The Code, § 3-112, provides : "Suits between the same parties, arising under the same contract, involving the same pleas and upon which the same verdict may be rendered, may be consolidated if the aggregate amount shall not exceed the jurisdiction of the court."

The determination of the present cause for the consolidation of the five suits involves a construction of the term "one common right." In *Sanders* v. *Wilson,* 193 *Ga.* 393, 395 (18 S. E. 2d, 765), it was held : "Ordinarily a prerequisite to the consolidation of cases is that the causes be such as could have been joined in one petition." Walker Electrical Company is a legal entity, and the fact that the two defendants sued by Walton in the superior court, Owens and Blum, are large stockholders in that company, does not give them such a common interest in the result of the litigation against the corporation as would authorize the consolidation of suits against each of them as individuals with the three suits against the corporation. If, as contended in the petition to consolidate, the contracts for repairs on the residences of Owens and Blum were not made by each of them as individuals, but were made by the

corporation, this fact does not give the corporation a common interest in the result of the litigation against them as individuals. Certainly no such common right is alleged or shown as would comply with the rule in *Sanders* v. *Wilson,* supra, in that there could not properly have been a consolidation of the five causes of action in one petition filed by Walton. As was stated in *Sanders* v. *Wilson,* supra: "Such an unauthorized consolidation of suits in this equity case would, as was said by this court in the equitable proceeding of *Portwood* v. *Huntress,* 113 *Ga.* 815, 819 (39 S. E. 299), 'bring about a promiscuous struggle,' and would result in no saving or benefit, but on the contrary, would merely cloud and confuse the issues in the two separate and independent controversies. See 1 C. J. S. 1355, § 110(b) ; and as to the general rules of consolidation, pp. 1278, 1279, 1350, 1351 (§§ 97 [c], 110 [3, a])." Where no common right or interest is shown, the alleged insolvency of the defendant in the petition for consolidation would not confer a right of consolidation in the plaintiffs.

There is no merit in the contention of the petition to consolidate that the jurisdiction of the Civil Court of Fulton County is so limited as not to allow the corporate plaintiff relief for its counterclaims. The court's order on the demurrer was entered on April 9, 1946. By act of the General Assembly (Ga. L. 1946, pp. 287, 289), approved January 31, 1946, and effective March 1, 1946, there was conferred on the Civil Court of Fulton County, "concurrent jurisdiction with the Superior Court of Fulton County . . except as to cases arising from injuries to the person or reputation, and of which jurisdiction is not vested exclusively in other courts by the Constitution of the State of Georgia."

The trial court did not err in sustaining the general demurrer to the petition for consolidation.

*Judgment affirmed. All the Justices concur.*