18471. WORLEY *v.* GASTON *et al.*

ARGUED JANUARY 13, 1954—DECIDED FEBRUARY 9, 1954.

*Dunaway & Embry, Robert E. Flournoy, Jr.*, for plaintiff in error.

*Walter E. Baker, Jr., B. Hugh Burgess*, contra.

ALMAND, Justice. Robert Lee Worley filed a petition in De-Kalb Superior Court against Mrs. Romayne Gaston and W. H. Gaston, hereinafter referred to as wife and husband respectively, wherein he sought to recover damages by reason of injuries to his person and property resulting from a collision between an automobile driven by the plaintiff and one driven by the defendant wife. The petition alleged that the wife was driving an automobile owned by the husband, the liability of the husband being predicated on the allegation that the car was being used for family purposes at the time of the collision. It was alleged: that the wife and husband had filed separate suits in the City Court of Decatur, the wife seeking to recover damages of the plaintiff by reason of personal injuries growing out of the collision, and the husband in his action seeking the recovery of damages for medical bills, injury to his automobile, and loss of his wife's services, due to injuries sustained by her on account of said collision; that the City Court of Decatur was without legal authority to consolidate the said suits and permit the petitioner to pursue his remedies against both of the defendants at one time; and that a court of equity should intervene in order that a multiplicity of matters be avoided. In addition to his prayer for a money judgment, the petitioner prayed that the wife and husband be restrained from prosecuting their respective suits in the City Court of Decatur, and be required to assert by cross-actions in the plaintiff's equitable suit their claims growing out of said collision. On the hearing of the rule nisi as to why the wife and husband should not be permanently enjoined as prayed, the court

entered an order denying such prayer, and vacated an ex parte restraining order previously granted. The plaintiff by bill of exceptions assigns error on that order.

The grounds upon which the plaintiff seeks the intervention of equity to restrain the wife and husband from prosecuting their separate suits in the City Court of Decatur are (a) to avoid a multiplicity of actions, and (b) that said city court was without jurisdiction to consolidate the suits in that court.

Equity will entertain a proceeding in the nature of a bill of peace "to avoid a multiplicity of suits, by establishing a right, in favor of or against several persons, which is likely to be the subject of legal controversy, or in other similar cases." Code § 37-1501 (2). Equity will also intervene "where there is one common right to be established by or against several, and one is asserting the right against many, or many against one" to determine the whole matter in one action. Code § 37-1007. Also, suits either at law or in equity, between the same parties, arising under the same contract, which involve the same pleas and upon which the same verdict may be rendered, may be consolidated if the aggregate amount shall not exceed the jurisdiction of the court. Code § 3-112. The City Court of Decatur has the power to consolidate actions, if the right of consolidation exists. *Logan* v. *Mechanics' Bank*, 13 *Ga.* 201 (58 Am. D. 507); *Gaulden* v. *Shehee*, 24 *Ga.* 438 (1); *Hartman* v. *Mayor &c. of Columbus*, 45 *Ga.* 96; *Georgia R. & Bkg. Co.* v. *Gardner*, 118 *Ga.* 723 (1) (45 S. E. 600); *Atlantic Coast Line R. Co.* v. *DuPont*, 122 *Ga.* 251 (2) (50 S. E. 103). The matter of consolidation is one solely in the discretion of the court, and the exercise of such discretion will not be disturbed unless it is manifestly abused. *O'Malley* v. *Wilson*, 182 *Ga.* 97 (1) (185 S. E. 109). But the authority of the trial judge to consolidate cases exists only when the right to a consolidation exists. The courts have no power to consolidate where the rules of law give no right of consolidation. *Smith* v. *Davis*, 200 *Ga.* 317 (4a) (37 S. E. 2d 182).

In determining whether the cases in the City Court of Decatur can be consolidated, or whether equity will enjoin these actions at law and try the issues therein with the equity suit, the general test is whether the two suits in the city court could have been

originally joined, and that is dependent on whether a misjoinder or multifariousness would result. *Sanders* v. *Wilson*, 193 *Ga.* 393 (18 S. E. 2d 765). In that case the court said (at p. 397): "Where an equity suit is based on some independent ground of equitable jurisdiction, other than or additional to the ground of avoiding a multiplicity of suits, the rules as to the required community of interest of the plaintiffs, and as to the making of new parties to settle all matters in controversy with respect to such independent ground, are more liberally administered than where the suit or a cross-action is based solely on the ground of avoiding multiplicity. But even where an independent equity is involved, claims of plaintiffs, in order to be properly united must involve the same or similar facts, must be governed by the same legal rule or rules, and present a common defense with a single question or questions in common controlling both cases. Where, however, as in this case, there are two actions at law, brought by separate plaintiffs, to recover damages ex delicto, in which neither party has a joint interest with the other, and a person who is a defendant in both actions at law seeks to convert one of them into an equitable suit on the sole ground of avoiding multiplicity, the rules against multifariousness are more strictly applied." See also *Smith* v. *Davis*, 200 *Ga.* 317 (2), supra, and *Walker Electrical Co.* v. *Walton*, 201 *Ga.* 591 (40 S. E. 2d 523). Under the decisions of this court in *Georgia R. & Bkg. Co.* v. *Tice*, 124 *Ga.* 459 (52 S. E. 916, 4 Ann. Cas. 200), and *Garr* v. *Wood*, 135 *Ga.* 90 (68 S. E. 1035), a husband and wife cannot join in one petition a claim by the wife for personal injuries with the claim of the husband for loss of services by reason of the wife's injuries. So, in the instant case, the wife and husband had to pursue by separate actions their respective claims against the plaintiff; and the allegations of the plaintiff in his action in the superior court do not bring his case within the general test of the rule as to consolidating and enjoining the suits at law, because the suits of the husband and wife could not have originally been brought in one action.

The City Court of Decatur has jurisdiction to entertain, hear, try, and determine all civil causes of action where the principal sum exceeds $100, concurrently with the Superior Court of De-Kalb County, except where jurisdiction is exclusively conferred

by the Constitution and laws of this State upon the superior court; and the rules of práctice, forms of pleadings, and methods of procedure prevailing in DeKalb Superior Court are permissible in the City Court of Decatur. Ga. L. 1922, p. 248 et seq. The plaintiff in the instant case has the right, in defending the two suits in the City Court of Decatur, to set up in his answer by way of cross-petition the claims that he has asserted in his petition to the superior court; and the City Court of Decatur has jurisdiction to entertain such cross-actions, and give to the plaintiff all the relief that he seeks to obtain in the superior-court suit. Code § 81-106. Equity will not enjoin a proceeding in a court of law unless there be some intervening equity or other proper defense of which the party, without fault on his part, cannot avail himself at law. Code § 55-103.

The cases relied on by the plaintiff—*Kirkpatrick* v. *Holland*, 148 *Ga.* 708 (98 S. E. 265); *Redwine* v. *Carr*, 164 *Ga.* 592 (139 S. E. 1); *Smith* v. *Wood*, 167 *Ga.* 630 (146 S. E. 441); and *Otis* v. *Graham Paper Co.*, 188 *Ga.* 778 (4 S. E. 2d 824, 125 A. L. R. 333)—are not controlling in the instant case, because in all of them the actions sought to be enjoined were pending in courts of law, in which the jurisdiction was limited either as to amount or as to the nature of the action, and because the plaintiff seeking an injunction had claims against the plaintiffs in the pending actions which could not be set up in the pending suits because of the limited jurisdiction of those courts; and none of them involved a situation, as presented in the instant case, where the plaintiff can assert his claims in the suits pending in a court of law. Nor does the case of *Gullett Gin Co.* v. *Hicks*, 176 *Ga.* 652 (168 S. E. 597), support the plaintiff's position. In that case, Gullett Gin Company instituted in a city court three ex contractu actions against Hicks. He filed an equitable petition in the superior court, seeking to enjoin these cases and to require their consolidation with the equity suit, wherein he sought a judgment against the plaintiff on an action ex delicto, alleging that the plaintiff was a nonresident. It thus appears that the right of the defendant to set off damages ex delicto against the nonresident plaintiff in the city-court suits was a purely equitable right, in the enforcement of which the granting of affirmative equitable relief was involved; and this gave to the plain-

tiff an independent right to require that the three actions in the court of law be consolidated with his equitable action. See, in this connection, *Hecht* v. *Snook & Austin &c. Co.*, 114 *Ga.* 921 (1) (41 S. E. 74); *Commercial Credit Corp.* v. *Davis*, 207 *Ga.* 562 (2) (63 S. E. 2d 353).

The petition failing to allege an equitable cause of action, either to avoid a multiplicity of actions or because the City Court of Decatur was without authority to consolidate the suits in that court, the trial judge properly refused the prayer for a permanent injunction.

*Judgment affirmed. All the Justices concur.*